STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Robert and      }
Angela Conrad                       }
                                  }   Docket No. 52-3-00 Vtec
                                  }
                                  }

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Derby, denying their appeal to the ZBA of various actions of the Zoning Administrator relating to neighboring property owned by Appellees Traci McDowell (Webster) and Michael Webster. Appellants are represented by Duncan Frey Kilmartin, Esq.; Appellees are represented by Keith Aten, Esq. and Kate Strickland, Esq. The Town is represented by William Boyd Davies, Esq., but has not participated in the briefing of these motions.

Appellees have moved for A summary affirmance@ of the decision of the ZBA, asserting that Appellants= appeal to the ZBA was not timely and, in the alternative, that the undisputed facts warrant affirmance. Appellants have moved for partial summary judgment on four specific issues which they characterize as A core issues:@ I) whether a certificate of occupancy requires compliance both with the permit and with the zoning bylaws; II) whether the uses on the property are prohibited in this zoning district, so that the property fails to qualify for a certificate of occupancy; III) whether a certificate of occupancy was required for the residential use; and IV) whether Appellants= appeal of the Zoning Administrator= s failure to require a certificate of occupancy for the residential use was timely.

The following facts are undisputed[1] unless otherwise noted. Appellees own an approximately twenty-acre parcel of land off Town Highway #20 (Quarry Road), a portion of which is in the Rural Residential zoning district and a portion in the Industrial zoning district. The property has frontage on Quarry Road in the Rural Residential zoning district and on Quarry Road and on Town Highway 28 in the Industrial zoning district[2]. The buildings and uses which are the subject of this appeal have been proposed for or established on the portion of the property lying in the Rural Residential zoning district[3]. The property appears to have contained an existing barn and outdoor arena/paddock.

Appellees purchased their property in February 1998. On May 13, 1998, Appellee Traci McDowell applied for a zoning permit (No. 98-77) as a conditional use for a A horse stable - Indoor/Outdoor Recreation.@ The application showed that the barn was served by water but had no septic system. The application form requires a sketch plan/site plan and narrative[4] to be submitted. The layout plan and narrative that appear to have been presented with this application show on the layout plan proposed mobile home location 14' x 70' in size and a proposed arena 55' x 100' in size. The narrative discloses that the proposed arena is A an indoor arena at least 55' x 100' but not more than 72' x 120' to provide riding services year round.@ The narrative also states that Appellees A have a permit to build a 24' x 32' foundation on the property to live in,@ but that foundation does not appear on the layout plan and no party has mentioned any earlier permit number in connection with the summary judgment motions. The warning for the public hearing stated that the A proposal is to utilize the property as a horse stable providing such services as boarding, training, lessons, shows, clinics and trail rides. In addition to utilizing the existing barn

and arena facilities, the applicant proposes to illuminate the outdoor area and construct a 55' x 100' arena.@

The ZBA held a hearing on this application on June 10, 1998, which Appellant Robert Conrad attended. As reflected in the hearing minutes, Appellees proposed a > riding stable and horse show facility= to be used in the summer only. The renovation of the existing barn was proposed to hold sixteen to twenty stalls, the paddock was proposed to have outdoor lighting for evening use, and the applicant proposed to hold two horse shows each summer. The hearing was continued to June 24, 1998. There was no mention in the minutes of an indoor or covered arena, and it is unclear from the materials before the Court whether the > summer only= reference represented a change in the application.

Meanwhile, on June 22, 1998, Appellee Traci McDowell applied for a zoning permit (No. 98-107) on which the > type of use= checked was A One/Two Family Residential Bldgs-Uses.@ The > proposed use or construction= was filled in as: A conversion of porp.[sic] of barn to living quarters. The application was accompanied by brief handwritten narrative and a sketch plan. The narrative described the project as a A three-bedroom apartment in the hayloft part of the older barn.@ The sketch plan also showed a proposed 12' x 20' shed to be added to the barn, showed the proposed apartment, and showed the existing office.

The Zoning Administrator treated the application as one for a single-family dwelling, despite the fact that it proposed a dwelling unit to occupy the upper floor of the barn, despite the fact that it proposed an addition to the barn for the not-yet-approved conditional use, and despite the fact that the conditional use application for the use of the barn was then pending before the ZBA. He issued zoning Permit No. 98-107 the same day, June 22, 1998, authorizing A Single family dwelling- conversion of portion of existing barn to living quarters with outside stairway and addition to barn of 12' x 20'.@ He seems to have treated the application to convert a portion of the barn to dwelling space as the equivalent of the free-standing trailer foundation that already may have been approved for elsewhere on the lot. Permit No. 98-107 did not address ' 403.1(B) precluding more than one principal use per lot unless the minimum area and setbacks for the uses in separate buildings meet the requirements as if they were on separate lots. However, no party appealed the Zoning Administrator= s decision to issue zoning Permit No. 98-107, and it became final.

The continuation of the ZBA hearing on Permit No. 98-77 took place on June 24, 1998. The ZBA issued its findings of fact and decision on the conditional use approval on August 5, 1998, signed only by its chairwoman. The Zoning Administrator issued zoning Permit No. 98-77 on August 7, 1998, for A Conditional use - indoor and outdoor recreation: horse stable, shows, clinics, and lessons.@ He attached the findings of the ZBA and referenced the eight conditions imposed by the ZBA in its decision. No party appealed the ZBA decision granting conditional use approval, nor did any party appeal the issuance of the zoning permit based on that conditional use approval, and those actions became final.

Just over a year later, on August 18 and 19, 1999, Appellants= attorney wrote two letters to the Zoning Administrator regarding Appellees= property. The August 18 letter requested all Certificates of Occupancy, applications for Certificates of Occupancy, or refusals to issue a Certificate of Occupancy related to Permit No. 98-77. The letter also alleged violations of Permit No. 98-77, stated reasons why the property was not eligible for a Certificate of Occupancy, and why certain of Appellees= uses of the property were prohibited, and requested a response from the Zoning Administrator as to what actions he proposed to take in response to the letter. The August 19 letter requested all applications for Certificates of Occupancy and supporting materials, Certificates of Occupancy, or reasons why a Certificate of Occupancy was not issued, related to Permit No. 98-107. The letter also stated reasons why the property required a Certificate of Occupancy, why it was not eligible for a Certificate of Occupancy, and requested that the permit be voided due to misrepresentation on the application. The letter requested that the Zoning

Administrator send copies of any notices of violation or any enforcement action, or that the Zoning Administrator inform Attorney Kilmartin if he declines to take such action, to allow Appellants to appeal.

The Zoning Administrator responded to Attorney Kilmartin by two separate letters dated September 3, 1999, each with a copy to Appellee Traci McDowell Webster and her attorney. The letter regarding Permit No. 98-77 stated the Zoning Administrator= s determination that a Certificate of Occupancy was required and stated that he would keep Appellants= counsel informed of the progress of his A investigation and decision regarding the Certificate of Occupancy in a timely fashion to allow appeals as appropriate or necessary.@ The Zoning Administrator did not further respond to Appellants= requests that he take enforcement action against Appellees for operating an animal grooming/boarding facility. The fact that Appellants did not appeal this letter to the ZBA has no preclusive effect; Appellants reasonably relied on that language to provide a further determination of the Zoning Administrator which would be appealable.

The Zoning Administrator= s letter regarding Permit No. 98-107 stated his determination that a Certificate of Occupancy was not required under the ' 903.1(A) exemption for a single family dwelling, and that the application for the apartment in the barn had not been misleading. That letter enclosed forms and information A concerning appeals of my decisions if you choose to proceed in that fashion.@ Appellants did not appeal to the ZBA the Zoning Administrator= s September 3, 1999 letter regarding Permit No. 98-107.

On October 12, 1999, Appellee Traci McDowell-Webster applied for a Certificate of Occupancy for A Horse Stable, Indoor/Outdoor Recreation permit #98-77.@ The application for the Certificate of Occupancy was given Application No. 99-166. After visiting the site, the Zoning Administrator issued the Certificate of Occupancy as Permit No. 99-166 on October 15, 1999.

On October 27, 1999, Appellants filed with the ZBA a notice of appeal[5] of the Zoning Administrator= s actions. The actions attempted to be appealed by this notice of appeal may best be understood by grouping them as follows:

1) The Zoning Administrator= s October 15, 1999 issuance of Certificate of Occupancy No. 99-166.

2) The Zoning Administrator= s September 3, 1999 letter declining to take action to require a Certificate of Occupancy for the apartment in the barn under Permit No. 98-107, and declining to take enforcement action regarding alleged misrepresentations made in support of Application 98-107 rendering that permit void or voidable.

3) The Zoning Administrator= s failure to take enforcement action for the following asserted violations: operation of an impermissible ' 1103 animal grooming and boarding facility; failure to require a permit for the animal grooming and boarding facility; land development in violation of the permit and bylaws; operation of a residential business or service in violation of ' ' 206.1 and 206.5; occupancy and use of the property for a horse stable without a Certificate of Occupancy; impermissible use of the barn for both human and animal occupancy and habitation; lack of a conditional use permit for residential business or service; violation of ' 403.1(B) for more than one principal use per lot; and alleged misrepresentations made in support of Application 98-77, rendering that permit void or voidable.

In their October 27, 1999 Notice of Appeal to the ZBA, Appellants requested that the ZBA require the Zoning Administrator to commence enforcement action; that the ZBA vacate Certificate of Occupancy No. 99-166 and prohibit the Zoning Administrator from issuing any more Certificates of Occupancy with regard to this property; that the ZBA bar Appellees from any occupancy or use

of the property; and that the ZBA declare both Permit No. 98-107 and Permit No. 98-77 to be void.

As described in the ZBA= s February 1, 2000 decision, the ZBA instead characterized the appeal as having been taken from the following four events or actions of the Zoning Administrator: the June 22, 1998 issuance of Permit No. 98-107 for the > single family dwelling= in the barn; the August 7, 1998 issuance of Permit No. 98-77 for the horse stable as > indoor/outdoor recreation= based on the ZBA= s grant of conditional use approval; the September 3, 1999 letter ruling that a Certificate of Occupancy was not needed for the > single family dwelling= in the barn; and the October 15, 1999 issuance of Certificate of Occupancy No. 99-166, based on Permit No. 98-77 for the horse stable uses. The ZBA denied the first three appeals as untimely, and upheld the Zoning Administrator= s issuance of Certificate of Occupancy No. 99-166 without addressing its merits, apparently because the underlying Permit No. 98-77 was upheld.

The Conditional Use approval of the Appellees= application for a A Horse Stable, Indoor/Outdoor Recreation@ and Permit No. 98-77 based on that approval, were not appealed and became final. That permit may not now be challenged, either directly or indirectly, even if it was not lawfully issued. 24 V.S.A. ' 4472; Levy v. Town of St. Albans Zoning Bd. of Adjustment,152 Vt. 139, 142 (1989). However, even though the permit may not now be challenged, it may be enforced according to its terms and conditions and the terms or scope of Appellees= application. Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288 (1981). Appellants are entitled to request the Zoning Administrator to enforce the terms of that permit, and to challenge the Zoning Administrator= s ruling before the ZBA or this Court.

In the present case, it is true that Appellants= requests for enforcement were embedded in a larger document in which Appellants also sought to challenge the permit and the certificates of occupancy, but that fact does not justify the Zoning Administrator= s lack of response to the requests for enforcement[6], which would have allowed Appellants to have raised the enforcement issues in a more focused way to the ZBA and then, if necessary, to this Court. The ZBA did not address the enforcement requests at all. Accordingly, we must determine whether to remand these issues for the ZBA to consider and rule on, before addressing them in this Court. In general, it is the better practice for the ZBA to have ruled in the first instance on the issues which divide the parties; the Court sits in an appellate function even when it hears the evidence de novo. In re Maple Tree Place,156 Vt. 494, 500 (1991). As the parties did not address the issue of remand in their memoranda, we will hold a telephone conference to discuss whether to remand the enforcement issues and, if so, how to frame or define those issues so that the ZBA has a clear understanding of the issues on which Appellants have requested a ruling.

Permit No. 98-107 for the dwelling unit in the barn also was not appealed and became final. That permit also may not now be challenged, either directly or indirectly, even if it was not lawfully issued. Moreover, the Zoning Administrator= s September 3, 1999 determinations that no Certificate of Occupancy was required for the occupancy of the dwelling unit and that no misrepresentations had been made in the permit application, also became final and cannot now be appealed. Accordingly, even if Appellants are correct in their interpretation of ' 903.1.B that conversion of a barn to a dwelling unit required a certificate of occupancy, that question is not before the Court because it was not timely appealed to the ZBA. Appellants= Motion for Summary Judgment on > core issue III= and > core issue IV= is DENIED and summary judgment is entered on those issues in favor of Appellees.

The appeal of the Certificate of Occupancy for the > Horse Stable= use is properly before the Court. Under the particular language of the Derby Zoning Bylaws, ' ' 903.3 and 903.5, two independent criteria must be applied before a certificate of occupancy can be issued by the Zoning Administrator: that the use or occupancy is in conformance both with the permit and with the Zoning Bylaws. Accordingly, Summary Judgment is GRANTED to Appellants on the legal issue stated as > core issue I.= However, material facts are in dispute as to exactly the activities

or functions carried out or intended to be carried out on the property by Appellees, whether anything in the application was misleading as to those activities or functions. Further, until the ZBA rules on the enforcement questions relating to Permit No. 98-77, we cannot know whether the scope of that permit imposes any limits on Appellees of the activities or functions now carried out on the property. Appellants= Motion for Summary Judgment on > core issue II= is therefore DENIED because material facts are in dispute.

Accordingly, based on the foregoing, Appellees= Motion for Summary Judgment is GRANTED as to the finality of Permit No. 98-77 and 98-107, and as to the finality of the Zoning Administrator= s September 3, 1999 ruling that the residential use of the barn did not require a certificate of occupancy and that there had been no misrepresentation in the application for Permit No. 98-107. Summary Judgment is GRANTED to Appellants on the legal issue stated as > core issue I.= Appellants= Motion for Summary Judgment on > core issue II= is DENIED due to material facts in dispute. Appellants= Motion for Summary Judgment on > core issue III= and > core issue IV= is DENIED and summary judgment is entered on those issues in favor of Appellees. HOWEVER, Appellees= Motion for Summary Affirmance is also DENIED, in that many of Appellants= remaining issues were not foreclosed by the finality of those documents, and should have been addressed by the ZBA. Because the ZBA failed to address those issues, the proper remedy appears to be for the Court to remand those remaining issues to the ZBA for its action; we will discuss with the parties whether to remand the enforcement issues and, if so, how to frame or define those issues so that the ZBA has a clear understanding of the issues on which Appellants have requested a ruling. The telephone conference will be held on this Friday, March 30, 2001 at 2 p.m., to accommodate Attorney Kilmartin= s legislative schedule, as he and Attorney Davies are already scheduled at 1:30 that day on another telephone conference. If the parties prefer, they may discuss the scheduling among themselves and may reschedule the conference for the afternoon of April 6, 2001.

Done at Barre, Vermont, this 26th day of March, 2001.


_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.] A number of documents were not provided with the motions for summary judgment but were provided as attachments to Appellants' notice of appeal to this Court, do not appear to be disputed, and will be noted as from that source.

[2.] As shown on Layout Plan (Notice of Appeal attachments).

[3.] As shown on Layout Plan (Notice of Appeal attachments).

[4.] Notice of Appeal attachments.

5. Notice of Appeal attachments.

6. We note that if Appellants wish to bring a mandamus action to require the Zoning Administrator to take enforcement action, they must do so in Superior Court. The Environmental Court has jurisdiction of mandamus actions only to the extent that they are brought to enforce an order of a Zoning Board of Adjustment or Development Review Board under 24 V.S.A. §4470(c).