STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| Appeal of Chamberlin, et al. | } | Docket No. 123-7-04 Vtec |
|  | } |  |

Decision and Order on Motions for Summary Judgment

Appellants Randall Chamberlin, Brenda Chamberlin, K. Martin Simon, Devereaux Simon, David Adams, Malcolm Edgerton, Steven E. Jeffery, Michael McNamara, George McNaughton, Larry Newman, George Raiser, William F. Roach, and Mary D. Sinclair appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Northfield, ruling on Appellee-Applicant John Lambert's request related to a home occupation. Appellants are represented by Robert Halpert, Esq; and the Town is represented by Jill E. Spinelli, Esq. Appellee-Applicant John Lambert appeared and represents himself, as does Interested Person John R. Smith; neither Mr. Lambert nor Mr. Smith filed any memoranda on the pending motions. The Town has moved for summary judgment, seeking dismissal of the appeal. Appellants have also moved for summary judgment on Questions 2[1] and 5 of the Statement of Questions.

The following facts are undisputed unless otherwise noted. Appellee-Applicant John Lambert owns a 10.8-acre parcel of property at 1524 Stony Brook Road within the Rural

Residential zoning district of the Town of Northfield, on which is located his residence and a 40' x 60' outbuilding constructed under a zoning permit issued in April of 2003.  Also in April of 2003, Mr. Lambert applied for and was granted a driveway permit for the construction of a second driveway for access from Stony Brook Road to the 'far side' of his property.

On April 8, 2004, Mr. Lambert submitted a one-page form captioned "Application to the Board of Adjustment."  Under "Type[2] of Application," Mr. Lambert checked "'Request for interpretation of zoning ordinance or map,"and filled in 'Section 606' as the provision of the zoning ordinance in question.  He filled in as his "'Reason for appeal:" "WOULD LIKE TO OPEN A GARAGE AT HIS HOME AS A HOME OCCUPATION."  He filled in as "'Specific relief requested:" "PERMISSION TO OPEN A GARAGE AT HIS HOME AS A HOME OCCUPATION."  Mr. Lambert did not submit an application for a Zoning Permit[3] under §205.

The public warning notice published in the newspaper for the ZBA's April 22, 2004 hearing, stated that "John Lambert . . . is requesting interpretation of Zoning Ordinance Section 606." At the close of the April 22, 2004 hearing, it was recessed to continue on May 27, 2004.  At both the April 22, 2004, and the May 27, 2004, hearings, the ZBA took testimony from Mr. Lambert on his proposed automobile repair use on his residential property, and from various neighbors regarding the potential for problems with such a use,

including issues regarding its hours of operation, disposal of oil and antifreeze, visible vehicles, signage, and lighting.

At least at the outset of both hearing days, the ZBA minutes reflect that the application under consideration was a "request for interpretation of Zoning Regulation Section 606 to allow him to have a home occupation under Section 402 to do automotive repairs in his garage." As described in the minutes of the May 27, 2004 hearing, the action the ZBA took on this request was to approve a motion "to approve Lambert's request for interpretation of Section 606 to allow him to have a Home Occupation under Section 402 with the restriction that a curfew of 10:00 AM shall be imposed on all outside work." The written decision issued later stated in full under the heading "Decision" that "[t]he Board of Adjustment's Interpretation was that a Home Occupation (an Auto Repair Facility) could exist in a Rural Residential Zone with a restriction that outside work would cease at 10:00 PM in the evening;" it stated in full under the heading "Conclusion" that "[t]he Board of Adjustment's Interpretation of Section 606 was that Lambert could have a Home Occupation."

The Town and Appellants are correct that the use of land or a structure for a home occupation requires the issuance of a zoning permit under the Zoning Regulations, §205,

as does any use of land or a structure.  Summary judgment must be granted to that effect on Question 5 of the Statement of Questions.

While some zoning ordinances specifically provide for the use category of 'home occupation' to be considered, either as a permitted use or as a conditional use[4] in any district in which a residence is an allowed use, the Northfield Zoning Regulations do not do so.  Rather, in the Town of Northfield a home occupation may receive a zoning permit from the Administrative Officer if it meets the §102 definition of home occupation and the requirements of §402.  Any challenge to whether a particular home occupation qualifies under those sections must be made as an appeal to the ZBA from the grant or denial of an application by the Administrative Officer, or from some other decision of the Administrative Officer regarding that particular home-based business (such as the decision to take or decline to take enforcement action).

Section 102 defines "'customary home occupation" as an "occupation which is customary in residential areas, which does not change the character thereof and which uses a minor portion of a dwelling unit or accessory building."  Section 402 preserves the rights of residents to "use a minor portion of a dwelling unit to conduct an occupation which is customary in residential areas and which does not change the character thereof," which is also preserved by state law.  24 V.S.A. §4412(4).  Mr. Lambert could have raised his interpretation issue by applying for a zoning permit for his proposed home

occupation. Instead, he made a request directly to the ZBA for interpretation of §606, and as the 'relief requested'' sought 'permission to open a garage' at his residence property as a home occupation.

The Town argues that the ZBA only had before it the request for interpretation of §606 of the Zoning Regulations, as to whether Mr. Lambert could apply for a zoning permit for a home occupation in the Rural Residential Zoning District. The Town argues that the merits of an application for approval of Mr. Lambert's specific home occupation was not properly before the ZBA, and therefore is not before the Court for decision in this appeal.

Section 205 provides that applications for zoning permits are made to the Administrative Officer. The Administrative Officer may also make other decisions, for example, as to whether a particular proposal first requires conditional use approval or a variance issued by the ZBA, §§207 and 208, or requires site plan approval from the Planning Commission, §209, and may refer the application for such prior approvals. The Administrative Officer may issue (or decline to issue) notices of violation, which are a prerequisite to the Town's taking enforcement action. §206. Under the state statute, appeals from a decision of an administrative officer are to the ZBA (or to the Development Review Board in municipalities that have adopted the combined panel system);

applications for conditional use approval and variances are ruled on in the first instance by the ZBA.

With regard to a request simply for interpretation of the zoning ordinance or official map, §201 provides that, "'[i]f uncertainty exists as to the boundary of any district shown on the Zoning Map, the Planning Commission shall determine the location of such boundary." However, no similar provisions have been brought to the Court's attention, and the Court could find none in the Zoning Regulations, that provide for direct ZBA jurisdiction of "'request[s] for interpretation of zoning ordinance or map,"' other than through appeals of decisions of the administrative officer. The only place in which such jurisdiction is suggested is on the application form for applications to the ZBA; that form has not been adopted as a zoning regulation by the Town.

The Court sits in place of the ZBA to consider <u>de novo</u> whatever the ZBA had jurisdiction to hear. <u>In re Maple Tree Place</u>, 156 Vt. 494, 500 (1991). As we can find no jurisdiction for the ZBA to undertake an advisory interpretation'[5] of the zoning ordinance in the first instance, neither does the Court have jurisdiction to render an advisory opinion on the zoning ordinance in the absence of an appeal to the ZBA from the Administrative Officer''s initial interpretation or decision or an application (such as for conditional use approval or a variance) that is within the jurisdiction of the ZBA in the first instance.

Further, even if we were to treat the 'request for interpretation of the zoning ordinance' as having been properly before the ZBA, the ZBA could not convert the request for interpretation into a request for a permit.  See In re Torres, 154 Vt. 233, 235 (1990).

' Even if the ZBA had the advisory jurisdiction suggested by the form, all that was before the ZBA was the request for interpretation of §606 and it gave that interpretation.  A request for a permit would not have been before the ZBA unless it had been acted upon by the Administrative Officer and appealed to the ZBA.   Therefore, a request for a permit was not properly before the ZBA and is not before the Court for decision in this appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' and the Town's Motions for Summary Judgment relating to Question 5 of the Statement of Questions are GRANTED, in that a zoning permit issued by the zoning Administrative Officer under §205 is required for a home occupation.  The Town's Motion for Summary Judgment is also GRANTED, in that no request for a permit was properly before the ZBA or this Court; the decision of the ZBA in this matter is therefore VACATED and this matter is DISMISSED, without prejudice to any further application to the Zoning Administrator as the parties may wish to make regarding Mr. Lambert's proposed home occupation.

This decision concludes this appeal. We note that, if Appellants were again to appeal to this Court from a future decision of the ZBA relating to this project, and if they were to apply for a waiver of the filing fee, they should bring the docket number of the present appeal to the Court's attention in that future appeal. Any such future appeal would be a new case and would not be a continuation of the present appeal.

'

Done at Berlin, Vermont, this 31st day of May, 2005.

'

'

'

'

_____
Merideth Wright
Environmental Judge

---

[1] The Town's response to that motion with respect to Question 2 was postponed to two weeks after the Court's ruling on the present motion.

[2] The Application to Board of Adjustment provides three other options under "Type of Application": 'appeal from a decision of the administrative officer;' 'application for a conditional use permit;' or 'application for a variance.'

[3] The parties have not provided a copy of the blank form for application for a zoning permit from the Administrative Officer, §205.

[4] In municipalities in which the use category of 'home occupation' is a conditional use, the application for it is properly made directly to the ZBA, which must apply the

conditional use standards as well as the definition of home occupation, and may impose conditions on any approval.

[5]    The Town may wish to consider revision of its 'Application to Board of Adjustment' form to address this category.