# In re Maple Tree Place

[594 A.2d 404]

No. 90-354

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed May 17, 1991

*Spokes, Foley & Peterson*, Burlington, for Appellant.

*Fred I. Parker, Mark L. Sperry* and *Alison J. Bell* of *Langrock Sperry Parker & Wool*, Burlington, for Appellee.

*Harvey D. Carter, Jr.*, Burlington, for Williston Citizens for Responsible Growth.

**Dooley, J.** This interlocutory appeal involves Maple Tree Place Associates' (MTP) pursuit of a subdivision and site plan approval. The Town of Williston and Williston Citizens for Responsible Growth appeal a decision by the Chittenden Superior Court remanding the case to the Williston Planning Commission. We affirm.

In 1987 MTP filed an application with the Williston Planning Commission for conceptual subdivision approval for a 477,159-square-foot shopping mall under the Town of Williston Subdivision and Zoning Regulations. Conceptual approval was granted in March 1988, and in May of 1988 MTP applied to the commission for site plan approval and preliminary subdivision approval. After sixteen public hearings the commission on December 5, 1989 concluded on a five-to-four vote that MTP did not meet five of the twelve standards for review set forth in the

subdivision and site plan regulations, and denied MTP's application.

MTP appealed to the Chittenden Superior Court under 24 V.S.A. §§ 4471 and 4475, referencing in addition V.R.C.P. 74. Soon thereafter, MTP moved for remand to the Williston Planning Commission for leave to present additional evidence, namely a plan for phasing the project. In support of its motion, MTP pointed to numerous references in the commission's decision to the ill effects of the immediate, unphased development of so large a project on the Town's plan for orderly growth; on secondary commercial growth in the Town; on land values; and on the impression of a rural community, historic resources, and other values. MTP focused particularly on paragraph 39 of the decision, which stated:

> 39. Phasing a development is often appropriate to mitigate unreasonable highway congestion or unsafe conditions. The Applicant has indicated it would not accept a condition to phase its project. Other developments in the Taft Corners area have been phased by conditions imposed in the Town permitting process or by the District Environmental Commission. Phasing would allow the Town to control traffic by being assured that increased use of the highways does not outpace the necessary road improvements. Alternative traffic routing patterns and roadway improvements could be explored if initial phases of the project result in unacceptable impacts.

MTP argued that it was misled into not presenting a phasing plan by the commission's conceptual review and, thus, it was not at fault for this omission. It denied that it had expressed to the commission that it would not accept a phased project.

MTP relied in its remand motion on the language of 24 V.S.A. § 4471 providing that an "appeal [from a planning commission to a superior court] shall be taken in such manner as the supreme court may by rule provide for appeals from state agencies governed by sections 801 through 816 of Title 3 [the Administrative Procedure Act]." MTP contended that 3 V.S.A. § 815(b) allowed a reviewing court to remand a matter to the originating agency for presentation of additional evidence upon a showing of "good reasons for failure to present it in the proceeding before the agency." The Town opposed the motion on

grounds that § 815(b) was limited to appeals from state agencies and that the Administrative Procedure Act did not apply to appeals under 24 V.S.A. § 4471.

The trial court granted the motion to remand, adopting MTP's theory. It noted that the permit denial included other reasons besides the lack of phasing but concluded that it was unable to determine "which concerns caused a majority of the commission to rule against the project or whether a majority would have voted in favor of the project if MTP had presented a 'phase in' plan." Initially, it specified that the review would be under the "current town plan." It amended the order, however, to specify that review of the phased proposal should occur under the plan in effect when MTP originally sought approval. The court subsequently granted the Town's motion for interlocutory review, pursuant to V.R.A.P. 5, of the decision to remand, and Williston Citizens for Responsible Growth (CRG), an intervenor, joined in the appeal.

The court certified the following controlling question of law pursuant to the Rule:

Whether the superior court has authority under 3 V.S.A. section 815 to remand an amended application for subdivision and site plan approval to a town planning commission.

The Town repeats on appeal its central argument before the superior court—that 3 V.S.A. § 815 does not apply to appeals brought from municipal zoning and planning bodies under 24 V.S.A. § 4471 and the language of the latter section does not make it applicable by reference. It is clearly correct on the first part of its argument. As set out in 3 V.S.A. § 801(b)(1), "agency" is defined in the APA with only state, rather than municipal, entities in mind:

"[A]gency" means a state board, commission, department, agency, or other entity or officer of state government, other than the legislature, the courts, the Commander in Chief and the Military Department, authorized by law to make rules or to determine contested cases.

The APA does not apply to local boards or commissions. See *Burroughs v. West Windsor Bd. of School Directors*, 141 Vt. 234, 236, 446 A.2d 377, 379 (1982) (APA does not apply to school boards); *City of Winooski v. Vincent*, 137 Vt. 252, 252, 402 A.2d

1192, 1192 (1979) (city council is not a "state board, commission, department, or officer" for purposes of § 801(b)(1) of the APA). The statute on which the trial court rested, 3 V.S.A. § 815, is part of the APA.

■ The trial court, however, found the statute applicable through an alternative route, that is, by cross-reference from § 4471. Although § 4471 provides that an appeal "shall be taken in such manner as the supreme court may by rule provide for appeals from state agencies governed by sections 801 through 816 of Title 3," the words "in such manner" fall far short of incorporating the sections 801 through 816 themselves into appeals from decisions from other-than-state entities. In any event, the statute by its terms cross-references procedures imposed by rule of this Court. The applicable rule is V.R.C.P. 74, see V.R.C.P. 74(a) (applicability), and that rule nowhere provides for a remand[1] or the incorporation of other APA procedure. The trial court should not have relied on 3 V.S.A. § 815 as the basis for its remand.

■■ Although our holding on the applicability of 3 V.S.A. § 815 answers the question certified by the trial court, the question must be treated as a "landmark, not a boundary," and we may affirm on other grounds if fairly raised by the order appealed from. *State v. Dreibelbis*, 147 Vt. 98, 100, 511 A.2d 307, 308 (1986). MTP urges here as an alternative that the court had the inherent authority to remand to the commission. We find this ground to be persuasive and affirm on this basis.

Although we have never faced the question directly, most courts have found that trial courts reviewing administrative decisions have the inherent or implied authority to remand the matter to the administrative agency in the interests of justice. See, e.g., *City of Nome v. Catholic Bishop of N. Alaska*, 707 P.2d 870, 876 (Alaska 1985); *Texter v. Department of Human Services*, 88 N.J. 376, 383, 443 A.2d 178, 181 (1982); *Wilson v. Borough of Mountainside*, 42 N.J. 426, 442, 201 A.2d 540, 548

---

[1] The Reporter's Notes to V.R.C.P. 74(e), now 74(f), describe that subdivision as adopting a procedure "for remand." The subdivision actually provides for certifying the decision of the superior court to the agency if no appeal is taken to this Court. That certification is not a remand in the sense that the term is being used in this case.

(1964) (in a zoning case, "[p]rotection of the public interest may justify such a course in particular situations as an appropriate exercise of judicial discretion"); cf. *B.B. & J. v. Bedell*, 156 Vt. 203, 206, 591 A.2d 50, 52 (1991) (remand for new trial by this Court appropriate "to prevent a failure of justice"). The common sense approach to remand is described by the Washington Supreme Court in *State ex rel. Gunstone v. Washington State Highway Comm'n*, 72 Wash. 2d 673, 674–75, 434 P.2d 734, 735 (1967):

> The provision for such a remand would seem to be intended as a safety valve, permitting the reviewing court to require a second look at situations and conditions which might not warrant a reversal, but which, to the court reviewing the record, would indicate to it that the . . . Commission may have acted on incomplete or inadequate information; or may have failed to give adequate consideration to an alternate route; or may have weighted its evaluation of the matter under consideration with the theory of the complete infallibility of its own engineers.

Although no grounds for reversal were found, the court affirmed a remand.

The Town argues that the power to remand, if it exists, should not apply here because remand is conceptually inconsistent with a system of de novo review. For a number of reasons, we do not find this argument persuasive in this case.

First, we note in direct response to the Town that there is at least one de novo appeal provision involving state agency adjudication governed by the APA, and the remand authorization in § 815 would ostensibly apply in that instance. See 26 V.S.A. § 1363(c) (de novo appeal from state board of medical practice in physician license revocation or suspension cases); see also *Board of Medical Practice v. Perry-Hooker*, 139 Vt. 264, 268, 427 A.2d 1334, 1336 (1981). Thus, the Legislature did not see the fatal inconsistency the Town relies upon.

Second, although we have held de novo review means that "the case is heard as though no action whatever had been held prior thereto," *In re Poole*, 136 Vt. 242, 245, 388 A.2d 422, 424 (1978), it is an overstatement to say that planning commission action here will be irrelevant. In *In re Duncan*, 155 Vt. 402, 584 A.2d 1140 (1990), we held that the interpretation of a zoning

ordinance by municipal zoning staff and the zoning board can be determinative in a close case as "the interpretation of [an ordinance] by the administrative body responsible for its execution." *Id.* at 408, 584 A.2d at 1144. Further, the superior court is limited to consideration of the matters properly warned as before the local board. See *In re Torres*, 154 Vt. 233, 235, 575 A.2d 193, 195 (1990).

The superior court here could see that MTP's desire to pursue its phasing theory presented the court with legal and procedural questions about its consideration. The court could conclude that the better course was to allow the theory to be presented to the planning commission, with proper notice to the many persons who had appeared at earlier hearings, before the court faced it.

■ On this point, we emphasize the cautionary language of *Chioffi v. Winooski Zoning Board*, 151 Vt. 9, 13, 556 A.2d 103, 106 (1989), that "the court must resist the impulse to view itself as a super planning commission." The court, on review of a zoning board or planning commission decision, is acting within its proper role when it decides questions that have been formulated in the local approval process and which divide the parties. It is beyond its role as an appellate tribunal, even under a de novo review standard, to start addressing new issues never presented to the planning commission and on which interested persons have not spoken in the local process. Use of the remand authority in such cases is consistent with the court's role.

■■ Third, the issue here is really about the timing of regulatory consideration and review and, properly perceived, not about the nature of that review. The court here did little more than delay its review until there could be full consideration in the planning commission. We have held that administrative action is not ready for review unless it disposes "'of all matters that should or could properly be settled'" in the administrative proceeding. *Re Central Vermont Ry.*, 148 Vt. 177, 178, 530 A.2d 579, 580 (1987) (quoting *In re Estate of Webster*, 117 Vt. 550, 552, 96 A.2d 816, 817 (1953)). The reviewing court necessarily has discretion in determining whether MTP has exhausted administrative remedies and the case is ripe for review. See 4 K. Davis, Administrative Law Treatise § 26:15, at 478 (2d ed. 1983)

("[c]ourts that otherwise have jurisdiction always have discretionary power to resolve close questions of exhaustion either way"). Here, the court could conclude that the phasing question could or should have been settled in the planning commission before the matter was ripe for its review.

Finally, we note that some courts have found a remand inappropriate prior to judicial review because it denies the aggrieved party the judicial review to which it is entitled. See *Holiday Spas v. Montgomery County Human Relations Comm'n*, 315 Md. 390, 400, 554 A.2d 1197, 1202 (1989). MTP requested the remand here, and has not been denied judicial review. If it turns out to be a fruitless act, MTP's request will have been the cause of the delay.

■■ In stating the grounds for remand, we have necessarily touched on the appropriateness of the remand order in this case. This necessarily must be an area of trial court discretion, and we review under the familiar standard that abuse of discretion must be found for the appellant to prevail. See *Vermont Nat'l Bank v. Clark*, 156 Vt. 143, 145, 588 A.2d 621, 622 (1991) (discretionary ruling will be reversed only if "trial court has withheld its discretion entirely or . . . it was exercised for clearly untenable reasons or to a clearly untenable extent"). There is no abuse here. The planning commission vote was close, and it is entirely possible that commission will reopen the proceeding and grant approval to a plan that would be constructed in phases.

Although neither the Town nor CRG directly attacked the specific provisions of the court's remand order, a part of their argument involves what they perceive as inappropriate consequences from the order. The first order of the court granted approval for MTP to request the commission to review its phasing proposal, with the commission retaining the right to approve, disapprove or modify the proposal. The second order was similar. Apparently, the Town plan has been modified since MTP first applied for a permit.

■ We have held that municipal zoning boards have the authority to "reopen proceedings and reconsider a decision where

new evidence is submitted." *Nash v. Warren Zoning Bd. of Adjustment*, 153 Vt. 108, 114, 569 A.2d 447, 451 (1989). We do not have any difficulty applying this holding to a planning commission. However, we believe that the power to reopen is akin to the power of a court to grant a new trial or relief from judgment and must be supported by good cause. See V.R.C.P. 59, 60; 7 P. Rohan, Zoning and Land Use Controls § 51.07[1], at 51–89 (1991) (summarizing from the cases that the standard is "substantial change of conditions or circumstances" or a showing that the decision was induced by "fraud, surprise, mistake or inadvertence").

Although a remand here implements the common sense approach described by the Washington Supreme Court in *Gunstone*, we do not believe that the interests of justice allow the court to ignore whether grounds to reopen exist in this case. The record was inadequate for the court to determine whether grounds for reopening existed. In any event, the better procedure is for the commission to determine that question. Thus, the remand in this case must be for the commission to determine whether grounds to reopen exist, and if grounds are found, to consider the phasing proposal.[2] If grounds to reopen are found, there is no question that the earlier Town plan applies. Although the court's remand order is not directly inconsistent with our conclusion, this clarification will prevent inappropriate use of the remand.

*The ruling of the trial court is affirmed.*

---

[2] We interpret the court's remand as not allowing for the presentation of a new proposal, as if there had not been prior proceedings. Accordingly, we do not reach whether MTP could present its phasing proposal in that manner or the proper procedure for such a presentation. Such a situation would necessarily affect which version of the Town plan was applicable.