STATE OF VERMONT

VERMONT ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| In re Appeal of Concerned Citizens | } | Docket No: 205-11-99 Vtec |
| of West Shore Road | } |  |
|  | } |  |

Order on Pending Motions

This is an appeal of site plan approval granted to Appellee-Applicants. Appellants are represented by Mark E. Naud, Esq.; Appellee-Applicants William Willey and Constance Willey are represented by Elizabeth M. Demas, Esq. and Bruce D. Baker, Esq.; a group of intervening interested parties supporting the application is represented by George E. Taft, Esq.; other intervening interested parties supporting the application represent themselves. Of this latter group, Mr. John Roy has been participating in pretrial proceedings as a representative of the others, to facilitate communication with the Court and the other parties. The Town of South Hero has not entered an appearance in this matter. The hearing on the merits[1] of this appeal is scheduled for May 25, 2000.

As stated in its April 24, 2000 order, the Court must determine the issues posed by Appellants' Statement of Questions: whether the application is complete under the standards of §508 of the Zoning Regulations, and whether the conditions and safeguards imposed by the Planning Commission should be imposed by the Court in this de novo proceeding, or should be changed in any way.

On May 10, 2000, Appellee-Applicants moved to limit the issues at trial to (1) whether the application, as amended, is complete under the standards of §508 of the Zoning Regulations, and (2) whether the conditions and safeguards imposed by the

---

[1] The Court finds no basis for the characterization of the scheduled May 25, 2000 hearing in Appellants' May 18, 2000 Motion for Remand as a "preliminary" merits hearing. It is not; it is the final hearing on the merits of the appeal.

1

Planning Commission should be imposed by the Court, or should be changed in any way, with respect to Appellee-Applicants' intended use of the kitchen for off-site catering.

In their May 18, 2000 response to Appellee-Applicants' Motion to Limit Issues, Appellants stated that they "generally agree with the Court's characterization of their concerns" (in the April 24, 2000 order) as having been "concerned more with the impact of off-site catering from the so-called commercial kitchen, rather with the on-site functions considered and specifically regulated under the Planning Commission's decision." However, rather than taking a position on the Motion to Limit Issues, Appellants instead have filed a Motion to Remand, arguing that Appellee-Applicants failed to provide sufficient information to the Planning Commission from which it could have determined that two kitchens were proposed, or from which it could have assessed the impact of the use of the kitchen for off-site as well as on-site catering.

While the Planning Commission's decision explicitly addressed only the on-site functions proposed for the property, the test for whether an application must be remanded is found in the scope of the application, not the scope of the Planning Commission's decision. That is, the Court must determine whether the issue on which remand is sought is one that was presented and available to the Planning Commission for decision, In re Maple Tree Place, 156 Vt. 494, 500 (1991), regardless of whether the Planning Commission actually addressed the issue in its decision.

In the present case, Appellants seem to be raising two related but different issues: whether the proceedings before the Planning Commission disclosed that two kitchens were proposed for Appellee-Applicants' building, and whether the proceedings before the Planning Commission disclosed that Appellee-Applicants proposed to cater off-site as well as on-site events. Appellee-Applicants' response to the motion demonstrates that both issues were raised before the Planning Commission sufficiently to defeat the motion for remand. The adequacy of the evidence on those issues, of course, will be tested by the Court de novo in this proceeding.

Accordingly, Appellants' Motion to Remand is DENIED. The application will be considered de novo by the Court on the **issues** which Appellants have appealed and which

the Planning Commission had before it for decision, whether or not the Planning Commission actually addressed those issues in its decision.  As the proceeding is <u>de novo</u>, the parties will be free to present additional **evidence** on those issues.

Appellee-Applicants' Motion to Limit Issues is GRANTED; the May 25 hearing will be limited to the following two issues: (1) whether the application, as amended, is complete under the standards of §508 of the Zoning Regulations, and (2) whether the conditions and safeguards imposed by the Planning Commission should be imposed by the Court, or should be changed in any way, with respect to Appellee-Applicants' intended use of the building for off-site catering.

Appellee-Applicants also moved on May 19, 2000 to have certain requests to admit deemed admitted, and for sanctions for Appellants' failure to admit those matters.  This motion is DENIED at this time, without prejudice to its being raised again after trial, as the requests to admit were only served on May 4, 2000 and insufficient time has elapsed for the court to rule on the motion under V.R.C.P. 36.

Dated at Barre, Vermont, this 22nd day of May, 2000.

_____
Merideth Wright
Environmental Judge

3