STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Robert Waite     }
and Diane Welebit                 }     Docket Nos. 139-6-00 Vtec
                                  }          and 183-8-00 Vtec
                                  }
                                  }
                                  }

Decision and Order on Appellants' Motions for Summary Judgment

In Docket No. 139-6-00 Vtec, Appellants Robert Waite and Diane Welebit appealed from a decision of the Planning Commission of the Town of Sunderland approving the site plan of Appellee Applejack Art Partners, Inc. In Docket No. 183-8-00 Vtec, Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) dismissing their appeal from the Zoning Administrator's grant of a building permit to Appellee. The appeals have been consolidated. Appellants are represented by David L. Grayck, Esq.; Appellee is represented by Neal C. Vreeland, Esq.; the Town is represented by Robert E. Woolmington, Esq. In Docket No. 139-6-00 Vtec, Appellants moved for summary judgment on Questions 1 and 2 of the Statement of Questions: whether the matter should be remanded to the Planning Commission for failure to consider evidence regarding the effect of the proposal on the value of adjacent property, or for failure to make findings with respect to the listed elements for site plan approval. In Docket No. 183-8-00 Vtec, Appellants moved for summary judgment on Question 1 of the Statement of Questions: whether the matter should be remanded to the ZBA for failure to determine whether the project is a permitted use in the Roadside Commercial zoning district.

The following facts are undisputed unless otherwise noted.

Appellee proposes to purchase two contiguous parcels of land on the south side of Route 7A in the Roadside Commercial zoning district. The parcel fronting on Route 7A (the "front parcel") contains 7.5 acres of land, of which approximately 4.9 acres is meadow land and the remaining 2.6 acres, bounded on the south by the Battenkill River, is wetland. The second parcel of 15 acres lies to the south of the Battenkill River and is not proposed for development in the present application. Appellants own adjacent property to the east.

Appellee produces, sells and distributes limited edition artists' prints and art posters, and licenses art images to others. Appellee proposes an office and retail facility with distribution warehouse and parking, to be built on the 4.9 acre non-wetland portion of the front parcel. Appellee does not propose to conduct any manufacturing or printing at this site. In the first phase of the project, which is the subject of the present appeals[1], Appellee proposes two buildings: an office and retail building, with a distribution warehouse building behind it, and parking for 65 cars and truck access to the distribution warehouse building.

Section 6.11 of the Zoning Bylaws requires Planning Commission approval under § 3.6 of the project' s Site Development Plan, for any use in the RC district other than a one or two family dwelling, prior to a permit' s being issued by the zoning administrator under § 9.1 for the building or use. Appellee applied for and obtained Site Development Plan approval from the Planning Commission. The Planning Commission' s approval contains no formal findings of fact or conclusions of law. Appellants' appeal of that approval is Docket No. 139-6-00 Vtec.

After the Planning Commission had approved the Site Development Plan, the zoning administrator approved the development permit. Appellants appealed the grant of the permit to the ZBA, arguing that the project is not a permitted use in the RC district. The ZBA dismissed that appeal because under § 6.13.9, it was the Planning Commission which had determined that the use was a permitted use, and because the zoning administrator " had no discretion to overturn" that Planning Commission decision. Appellants' appeal of that dismissal order is Docket No. 183-8-00.

The Sunderland Zoning Bylaws are unusual in several respects. Most towns (which have not combined the permit-issuing functions of their Planning Commission and ZBA into a Development Review Board) provide for the Planning Commission to perform the functions of site plan approval and subdivision approval, provide for the ZBA to perform the functions of conditional use approval, variance approval and appeals from the zoning administrator, and provide for the zoning administrator to issue zoning permits for permitted uses. The Sunderland Zoning Bylaws do not provide for two categories of allowed uses in each zone: permitted uses, approvable by action of the zoning administrator, and conditional uses, approvable by action of the ZBA. Rather, the Zoning Bylaws provide in each zone only for uses permitted in that zone. Further, in § 6.13.9 for the RC district, the Zoning Bylaws allow the Planning Commission, not the ZBA, to determine that a use not listed as a permitted use may nevertheless be classified as a permitted use upon a finding that the use is " similar to a [listed] permitted use in its effect upon the character of the vicinity, traffic, and the emission of noise, vibration, odor, smoke, dust or glare, and its effect on the value of adjacent property." In the present case, the Planning Commission characterized its task, in its agenda items, as consideration of " approval of a Development Permit" rather than approval of the Site Development Plan for this project. The Planning Commission issued its approval with conditions, but without findings of fact. Nevertheless, the Planning Commission had before it the complete application, including the Site Development Plan. Appellants argue that the matter should be remanded to the Planning Commission because it failed to issue findings and failed to consider all the factors in § 6.13.9.

First, unlike the statutory requirements that a ZBA' s decision must reflect its findings, there is no statutory requirement that a Planning Commission must produce findings or conclusions when conducting site plan review. Accordingly, the Planning Commission' s failure to produce a written decision with findings and conclusions does not in itself require remand.

While the Planning Commission' s decision also did not explicitly address the category of permitted use for which the project qualified, the test for whether an application must be remanded is found in the scope of the application[2], not in the scope of the Planning Commission' s decision. That is, the Court must determine whether the issue on which remand is sought is one that was presented and available to the Planning Commission for decision, In re Maple Tree

Place, 156 Vt. 494, 500 (1991), regardless of whether the Planning Commission actually addressed the issue in its decision. See In re Appeal of Concerned Citizens of West Shore Road, Docket No. 205-11-99 Vtec (Vt. Envtl. Ct., May 22, 2000).

In the present case, the issue of whether the proposal qualified as a permitted use was raised before the Planning Commission sufficiently to defeat the motions for remand. The adequacy of the evidence on that issue will be tested by the Court de novo in this proceeding. The Court will expect the parties to present evidence as to whether it qualifies under §§ 6.13.3 and 4, with the distribution warehouse as an accessory use under § 6.14, or whether the Court must address any portion of the application under § 6.13.9. We note that the evidence before the Court in a de novo appeal is not limited to the evidence presented below. See In re Vt. National Bank, 157 Vt. 306, 310 (1991), citing Chioffi v. Winooski Zoning Board, 151 Vt. 9, 11 (1989).

Similarly, the issue of whether the proposal qualified as any category of permitted use was raised to the ZBA in Appellants' attempted appeal of the zoning administrator's permit issuance. The issues before the Court in the de novo appeal from the ZBA's dismissal of that appeal will include whether the proposal qualifies under §§ 6.13.3 and 6.13.4 and § 6.14, that is, whether § 6.13.9 even needs to be reached in this instance. Only if the proposal does not qualify under §§ 6.13.3 and 6.13.4 and § 6.14 will the Court address whether § 6.13.9 is within the scope of the Planning Commission's (and hence the Court's) statutory authority, as well as whether the proposal meets the standards in § 6.13.9. See, In re Patch, 140 Vt. 158, 175 (1981).

Accordingly, based on the foregoing, Appellants' Motions for Summary Judgment requesting remand are DENIED. The merits of these matters, including the merits of whether the proposed use qualifies to be considered as a permitted use under any subsection of § 6.13 (including specifically subsections 3, 4 and 9) or § 6.14, are for the Court in the de novo consolidated appeals, which will be heard commencing at 9:00 a.m on Monday, March 12, 2001 at the Courthouse in Manchester, Vermont.

Done at Barre, Vermont, this 20th day of February, 2001.


_____
Merideth Wright
Environmental Judge


**Footnotes**

1.    Issues regarding subsequent phases of the project may be relevant to the Act 250 approval process, but are not before the Court (sitting in place of the Planning Commission or ZBA,

respectively) as no application for subsequent phases was before the municipal bodies in the proceedings appealed from.

2. Compare, In re Hillside Associates, Inc., Docket No.134-8-97 (Vt. Envtl. Ct., May 4, 1998), in which the Court remanded an application because it could not determine whether the application had even requested the Planning Commission to consider the relevant requirement of the regulation as to fire hydrant waiver.