STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of              }
                              }
Robert and Angela Conrad    }    Docket No. 52-3-00 Vtec
                              }
                              }


### Decision and Order on Motions re Present Status and for Clarification

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Derby, denying their appeal to the ZBA of various actions of the Zoning Administrator relating to neighboring property owned by Appellees Traci McDowell (Webster) and Michael Webster. Appellants are represented by Duncan Frey Kilmartin, Esq.; Appellees are represented by Kate Strickland, Esq. The Town is represented by William Boyd Davies, Esq., but has not participated in the briefing of these motions. The Court ruled in March of 2001 on what Appellants characterized as four core issues. Appellants and Appellees have filed various motions and requests for clarification. The facts were stated in the March 2001 order and will not be restated here.

The 2001 order ruled that Appellees= permit No. 98-107 for the dwelling unit in the barn was not appealed, became final, and may not now be challenged, either directly or indirectly, even if it was not lawfully issued. The 2001 order also ruled that the Zoning Administrator= s September 3, 1999 determinations (that no Certificate of Occupancy was required for the occupancy of the dwelling unit in the barn and that no misrepresentations had been made in the permit application) also were not appealed, became final and may not now be challenged, either directly or indirectly, even those determinations were incorrect. Summary judgment was entered on those issues in favor of Appellees. Accordingly, no issues regarding the dwelling unit in the barn remain to be decided by this court.

The 2001 order also ruled that Appellees= permit No. 98-77 for the horse stable as > indoor/outdoor recreation= and the ZBA= s grant of conditional use approval for the horse stable as > indoor/outdoor recreation= both were not appealed, became final, and may not now be challenged, either directly or indirectly, even if they were not lawfully issued.

However, the 2001 order ruled that Appellants are entitled to request the Zoning Administrator to enforce that permit according to its terms and conditions and the terms or scope of Appellees= application, under the principles expressed in Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288 (1981).

Although Appellants did request the Zoning Administrator to take enforcement action, the Zoning Administrator did not do so, but also did not issue any ruling that would have allowed Appellants to appeal the lack of enforcement to the ZBA. Appellants brought no mandamus action in Superior Court to require the Zoning Administrator to take enforcement action, and the ZBA did not address Appellants= enforcement requests in its decision on appeal in this Court. Accordingly, we must remand to the ZBA any request by Appellants for enforcement of Permit No. 98-77 according to its terms, as it is a better practice for the ZBA to have ruled in the first instance on the issues which divide the parties. This Court sits in an appellate function even when

it hears the evidence de novo. In re Maple Tree Place,156 Vt. 494, 500 (1991). Appellants remain free also to bring a mandamus action in Superior Court. No mandamus action is available to Appellants in this court at the present time under 24 V.S.A. ' 4470(c) unless it is to enforce a ZBA order.

Thus, all that remains for consideration in this Court in the present appeal is whether the certificate of occupancy (permit application number 99-166) for the A Horse Stable, Indoor/Outdoor Recreation@ use already holding Permit No. 98-77 can be denied for failure to meet certain sections of the zoning bylaws. The 2001 order granted summary judgment to Appellants on their A core question I:@ that under the particular language of the Derby Zoning Bylaws, ' ' 903.3 and 903.5, two independent criteria must be applied before a certificate of occupancy can be issued by the Zoning Administrator: that the use or occupancy is in conformance with the permit and that it is in compliance with the Zoning Bylaws.

The question of whether the horse stable use or occupancy is in conformance with Permit No. 98-77 is essentially the enforcement request that has been remanded to the ZBA. Until that request has been ruled on by the ZBA and any appeals have been filed from that ruling, any ruling on whether the Certificate of Occupancy should be denied for failure to comply with Permit No. 98-77 is premature. Accordingly, the ZBA= s decision that the Certificate of Occupancy should issue is hereby vacated IN PART and remanded IN PART for the ZBA to decide anew after it has rendered a decision on whether the horse stable use is in compliance with Permit No. 98-77 and with the conditional use approval. That issue will be able to be raised on appeal to this Court from any new decision by the ZBA on the Certificate of Occupancy.

On the other hand, the question of whether the horse stable use or occupancy is in compliance with the Zoning Bylaws raises the applicability of 24 V.S.A. ' 4472(d). That section provides that Appellants= failure to appeal either Permit No. 98-77 or the ZBA= s grant of conditional use approval for the horse stable use means that Appellants are precluded from contesting that permit and conditional use approval A either directly or indirectly.@ In the present case, Appellants argue that the Certificate of Occupancy should be denied because the horse stable use permitted under Permit No. 98-77 and the ZBA= s grant of conditional use approval does not in fact comply with the Zoning Bylaws, which is essentially an argument that the permit and conditional use approval were improperly granted. This argument runs afoul of ' 4472(d). Because Appellants did not appeal the permit and conditional use approval, they are precluded from contesting that permit and approval indirectly through a challenge to the Certificate of Occupancy on the grounds of noncompliance with the zoning bylaws. Accordingly, the ZBA= s decision that the Certificate of Occupancy should issue is hereby upheld IN PART, on the ground that ' 4472(d) prevents Appellants from now challenging that use= s compliance with the Zoning Bylaws. That issue will NOT be able to be raised on appeal to this Court from any new decision by the ZBA on the Certificate of Occupancy.

Thus, all the issues in Appellants= appeal have been resolved, either by the 2001 order or as clarified by this order. This partial remand concludes the appeal in this Court. Any future appeals from any decisions of the ZBA on the enforcement requests or on the Certificate of Occupancy after remand would be new appeals with new docket numbers and not continuations of the present appeal.

Done at Barre, Vermont, this 12th day of April, 2002.

_____

Merideth Wright

Environmental Judge