Environmental Court of Vermont
State of Vermont

================================================================
E N T R Y   R E G A R D I N G   R E Q U E S T
================================================================

In re Main St. Place LLC Demolition Permit          Docket No. 163-8-09 Vtec
    (Appeal from Derby ZBA determination on appeal from Zoning Admin.
Decision)

Title: Request for Remand, (Filing No. 2)

Filed:        August 18, 2009

 Filed By: Paul S. Gillies, Attorney for: Appellant Community National Bank

Response filed on 10/26/09 by David W. Rugh, Attorney for
Opposition


_X_ Granted            ___ Denied                 ___ Other


     Appellant Community National Bank ("CNB") requests that this Court remand
the pending application to the Derby Zoning Board of Adjustment ("ZBA") for a
properly-noticed hearing on the application by Main Street Place, LLC ("Main
St. Place") for a permit to demolish buildings at 50 – 58 Main Street in Derby.
This remand request was first presented in CNB's August 19, 2009 Notice of
Appeal.  Appellee-Applicant Main St. Place opposes CNB's request for remand. We
begin our analysis by reviewing the applicable standards for a motion to
remand.

     The Supreme Court has noted that the use of remand "necessarily must be
an area of trial court discretion." In re Maple Tree Place, 156 Vt. 494, 501,
(1991).  Also, under V.R.E.C.P. 5(i) the Court is given significant discretion
in determining whether a remand is appropriate. In re Irish Construction
Application, No. 44-3-08 Vtec, slip op. at 13 (Vt. Envtl. Ct. April 6, 2009)
(Durkin, J.). This is indicated by the rule's language, which states that the
Court "may" issue a remand when requested. Id.

     Although remand is discretionary, the Supreme Court has offered guidance
for instances where a party was not afforded an opportunity to be involved in
the municipal proceedings below. The Supreme Court has noted:

     "It is beyond [the] role [of] an appellate tribunal, even under a de
     novo review standard, to start addressing new issues never presented
     to the planning commission [or zoning board] and on which interested
     persons have not spoken in the local process. Use of the remand
     authority in such cases is consistent with the court's role."

In re Maple Tree Place, 156 Vt. at 500, 594 A.2d at 408.

     Due to lack of written notice to adjoining property owners, as directed
by 24 V.S.A. § 4464(a)(1)(C), of the of the ZBA hearing on the demolition permit
application, CNB has never had an opportunity to be heard at the municipal
level.  Additionally, the issues that CNB raises in opposition to the
demolition permit have never been presented to the ZBA by CNB as an abutter to

the properties in question. Under this analysis, it is necessary that this case be heard first before the appropriate municipal panel before it is reviewed by this Court.

For all these reasons Appellant Community National Bank's request for remand to the Derby Zoning Board of Adjustment is GRANTED.

_____          __February 12, 2010____
      Thomas S. Durkin, Judge                              Date
=========================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to:
    Paul S. Gillies, Attorney for Appellant Community National Bank
    Jon T. Anderson, Attorney for Appellee/Applicant Wesco, Inc.
    David W. Rugh, Co-Counsel for Appellee/Applicant
    William E. Simendinger, Co-Counsel for Appellee/Applicant
    Sara Davies Coe, Attorney for Town of Derby
    Village of Derby Line (FYI purposes only)