STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

In re Goddard College Conditional Use     {          Docket No. 175-12-11 Vtec

## Decision on Motion to Amend Statement of Questions, Motion for Summary Judgment, and Motion for Declaratory Ruling

Rhea Wilson (Appellant) appeals a decision by the Town of Plainfield Development Review Board (the DRB) finding that all of the criteria for site plan approval were met and granting a conditional use permit to Goddard College (Applicant) to construct a central wood chip heating system and a building to house the system on property that Applicant owns in the Town of Plainfield, Vermont (the Town). On October 4, 2012, Appellant moved to amend her Statement of Questions. Applicant responded by opposing Appellant's motion and by filing motions for summary judgment and for a declaratory ruling on the classification of the proposed project under the Plainfield Zoning Regulations, adopted March 1, 2011 (PZR). Appellant and the Town opposed Applicant's two motions, and Appellant also restated her amended Statement of Questions at the Court's request. We address all three pending motions in this decision.

In this matter, Appellant is represented by Erick E. Titrud, Esq. Applicant is represented by Brian S. Dunkiel, Esq. and Elizabeth H. Catlin, Esq. The Town is represented by Robert Halpert, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context, the Court recites the following facts, which it understands to be undisputed unless otherwise noted:

1.  Applicant Goddard College is a private educational institution approved by the Vermont Department of Education.

2.  Applicant's campus is located on a single lot of land, approximately 117 acres in size, within the Town's Rural Residential District.

3.  Applicant proposes to construct a woodchip heating system, primarily housed in a new standalone building, to provide heat and hot water to the existing campus buildings. The heating system will not provide heat or hot water to any other person, facility, or business.

4. As proposed, the woodchip boiler building will occupy approximately 2,500 square feet. Applicant's plans show no outdoor storage areas associated with the proposed building.

5. The proposed building will only house the woodchip heating system, including the woodchip storage bins; it will not be used for classrooms, office space, storage space, or any other college uses.

6. The woodchip heating system will burn wood chips to heat water that will be circulated to other buildings on campus.

7. Applicant proposes that the woodchip boiler building will accept deliveries of wood chips by large truck roughly once per week during colder seasons, with up to two deliveries per week during the coldest periods and less frequent deliveries during the summer. In total, Applicant expects the heating system to require roughly 36 tractor-trailer trips per year to supply wood chips.

8. The proposed woodchip boiler building and heating system will not require any new employees.

9. Applicant filed its zoning permit application for the proposed heating system with the Town's zoning administrator (ZA), who determined, with Applicant's consultant, that the project was classified as a commercial use requiring site plan approval and a light industry use requiring a conditional use permit.

10. Applicant did not appeal or otherwise challenge the ZA's classification.

11. The DRB conducted site plan review and conditional use review of the proposed project. The Applicant did not claim at the DRB proceedings that the proposed heating system was properly characterized as an "Accessory use or structure" under the PZR.

12. Upon the DRB's final decision approving the project under both commercial site plan review and conditional use review, Applicant did not file a request for reconsideration with the DRB. Applicant also did not file an appeal or cross-appeal of the DRB's final decision or its review process with this Court.

### Discussion

Currently before the Court are Applicant's motions for summary judgment and for a declaratory ruling and Appellant's motion to amend her Statement of Questions. Our first concern in adjudicating the pending motions is to establish which of Appellant's questions are under review. Appellant filed an initial Statement of Questions with this Court on December

2

28, 2011. She filed a motion to amend her Statement of Questions on October 4, 2012. At the Court's urging, Appellant restated her proposed amended questions and filed a revised motion to amend her Statement of Questions on March 1, 2013. This revised motion offers nine questions for this Court's review.

Applicant opposes Appellant's revised motion to amend her Statement of Questions. Applicant requests, however, that this Court apply the reasoning in its October 18, 2012 motion for summary judgment to Appellant's nine most recently proposed questions. See (Goddard College's Opp'n to Appellant's Am. & Restated Statement of Questions at 1, filed Mar. 4, 2013.) Only if we decline to grant summary judgment on Appellant's proposed questions does Applicant seek to oppose the admission of those questions on other grounds. See (Applicant's Mot. for Summ. J., Mot. for Declaratory Ruling, & Opp'n to Appellant's Mot. to Amend Statement of Questions at 1, filed Oct. 18, 2012.) Because Appellant's amended questions raise legal issues that are appropriately addressed by summary judgment, we adopt Applicant's suggested procedural approach to the pending motions. That is, we will first consider Applicant's motion for summary judgment on the nine questions posed in Appellant's March 1, 2013 Amended and Restated Statement of Questions.

We may only grant summary judgment when a moving party (here, Applicant) has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2). We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Appellant) the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c). However, both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their factual assertions with citations to admissible evidence. V.R.C.P. 56(c)(1). See Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence.").

## I.      Classification of the Project

The primary issue raised by all three of the pending motions is how Applicant's proposed woodchip heating system should be classified under the PZR. The DRB's decision below reviewed Applicant's project as a commercial use requiring commercial site plan review under PZR § 2.6 and as a light industry use requiring conditional use review pursuant to PZR

§ 2.8. The DRB did not consider whether Applicant's proposed development should be reviewed as anything other than a commercial and light industry use. Nevertheless, Applicant now contends that its project should be classified and reviewed as an "Accessory use" under PZR § 1.7, which is a permitted use in the Rural Residential District. PZR § 4.3. Applicant has moved for this Court to issue a declaratory ruling that its project is an accessory use.

Appellant and the Town contend that Applicant's project should undergo both commercial site plan review as a commercial use and conditional use review as a light industry use. In contrast to Appellant, the Town takes no position on the merits of Applicant's proposed project. Rather, the Town contends that this Court lacks the jurisdiction to consider the classification of the project under the PZR, since Applicant did not challenge the project's classification as a commercial use and a light industry use before the DRB. As we state below, we agree with the Town that we do not have the jurisdiction to consider Applicant's project as an accessory use.

a. **Whether the Proposed Project is an Accessory Use.**

Applicant's motion for a declaratory ruling asks this Court to declare that Applicant's proposed project is an accessory use permitted in the Rural Residential District. Applicant has not filed either an appeal or a cross appeal in this case, nor has Applicant filed a separate action for declaratory judgment. The case before us is therefore defined by Appellant's appeal of the DRB decision below. In appeals of zoning decisions reviewed de novo by this Court, our jurisdiction is limited to those issues considered by the municipal panel below. See, e.g., In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."); In re Maple Tree Place, 156 Vt. 494, 500 (1991) ("[I]t is beyond [the superior court's] role as an appellate tribunal, even under a *de novo* review standard, to start addressing new issues never presented to the planning commission and on which interested persons have not spoken in the local process.")

In this case, Applicant did not request that the DRB review its project as an accessory use. Because we lack the jurisdiction to review matters not considered in the DRB proceeding below, we cannot review Applicant's proposed woodchip heating system as anything other than a commercial or light industry use. If Applicant desires to have its project reviewed and possibly permitted as an accessory use as defined in PZR § 1.7, it has the option of withdrawing

4

its present application and filing a new permit application with the ZA. We therefore **DENY** Applicant's motion for a declaratory ruling.

### b. Whether the Proposed Project is a Commercial and/or Industry Use.

In contrast, we do have the jurisdiction to review whether or not the project can be classified as a commercial and/or a light industry use under the PZR, since the DRB classified and reviewed the project as such below, and because Appellant raised the issue in the questions she filed with the Court.[1] The scope of our review in a de novo proceeding is defined by questions filed by an Appellant. V.R.E.C.P. Rule 5(f). Accordingly, as part of our review of both Applicant's motion for summary judgment and Appellant's motion to amend her Statement of Questions, we analyze whether Applicant's proposed project is properly characterized as either or both a commercial use and a light industry use under the PZR.

### i. Commercial Use

We first conclude that Applicant's proposed project is <u>not</u> a commercial use under the plain meaning of the PZR, and therefore need not undergo commercial site plan review. Under PZR § 1.7, "Commercial use" is defined as "the use of a building or land or portions thereof for the purchase, sale or exchange of goods and commodities, services and amenities." Applicant's proposed building will accept deliveries of woodchips, store woodchips, and house a heating system that will burn woodchips to heat and pump water to other buildings on the Goddard campus. No party in this appeal has offered any evidence that the building or heating system will be used for the purchase, sale or exchange of goods, services, or amenities. Applicant does not propose to conduct commercial transactions in the building, nor does it propose to sell the hot water generated by the heating system commercially.

PZR § 2.6 states that "[s]ite plan review by the Development Review Board [is] required for all commercial development. No zoning permit shall be issued for any commercial development or building until approval by the Development Review Board has been obtained."

---

[1] Appellant's initial Statement of Questions, filed December 28, 2011, was principally concerned with commercial site plan review of Applicant's project, and it did not mention the light industry use classification or conditional use review. Appellant's motion to alter her Statement of Questions, filed October 4, 2011, explicitly raised the possibility that "the [C]ourt finds that Goddard's proposed plant is not a 'commercial use' under Section 2.6," and it asked the Court to alternatively consider the project a light industry use. Appellant's most recently amended Statement of Questions, filed on March 1, 2013, asks this Court to consider the project under <u>both</u> conditional use and commercial site plan review. Under these circumstances, we find that Appellant sufficiently raised the issue of whether Applicant's proposed project is properly classified as a commercial use requiring commercial site plan review and/or an industrial use requiring conditional use review for this Court to consider those questions.

5

Because the proposed heating system is clearly not a commercial use, development, or building, it is not subject to commercial site plan review under the PZR. Accordingly, we **GRANT** summary judgment to Applicant on Appellant's Amended Questions 1, 2, 3, and 4, which ask this Court to review the proposed system under PZR § 2.6 – commercial site plan review.

### ii. Light Industry Use

We next conclude that Applicant's proposed heating system is properly classified as a light industry use, and thus, is subject to conditional use review under PZR § 2.8. "Light industry" is defined in the PZR as:

> Any manufacture, processing or fabrication of goods, wares or merchandise, having not more than 15 employees, occupying not more than 6,000 square feet of area including floor area and outdoor storage, and generating an average of not more than ten large truck trips per day. Such industry should be compatible with a rural residential environment and not cause any air, water or noise pollution.

PZR § 1.7. Under the PZR, except where specifically defined, all words "shall carry their customary meaning." Id. The PZR directs that "[d]oubt as to the precise meaning of any word in [the PZR] shall be clarified by the Development Review Board," PZR § 1.7, and in a de novo appeal of a DRB decision, this Court sits in the shoes of the DRB. See, e.g., In re Simpson Dev. Corp., No. 53-4-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 7, 2006) (Durkin, J.) (stating that in a de novo appeal, "the Court's role is to place itself in the shoes of the municipal panel"). We accordingly review the definition of "light industry" according to the customary meanings of the terms in the definition.

Webster's Dictionary defines "goods" as "[c]ommodities" or "[s]omething useful or capable of yielding commercial or other advantages." Webster's II New Coll. Dictionary 232, 490 (3d ed. 2005). The dictionary defines the verb "process" as "[t]o prepare, treat, or convert by subjecting to a special process." Id. at 902. Applicant proposes that the woodchip boiler building will accept shipments of woodchips, and the system inside the building will burn those woodchips as fuel to provide heat to the Goddard campus. The woodchips will take the place of the fuel oil currently used by Applicant to heat its buildings. As a useful commodity, woodchips are, under the customary meaning of the term, goods. Moreover, the woodchips will be subject to "processing" under the customary meaning of the verb "to process," since they will be converted from their current state to energy in the form of heat. Finally, as proposed by Applicant, the woodchip boiler building will occupy substantially less than 6,000

square feet, and the heating system will generate fewer than ten large truck trips per day and will not require any new employees. Accordingly, we conclude that the proposed heating system is a light industry use under the PZR § 1.7 definition of "Light industry."[2]

## II. Scope of the Merits Review

While Applicant's proposed project is classified as a "Light industry," however, we note that the second sentence of the definition cannot provide regulatory standards as Appellant suggests in her Amended Questions 5, 6, and 7. The second sentence of the definition states that a light industry "should be compatible with a rural residential environment and not cause any air, water or noise pollution." PZR § 1.7 (emphasis added). The term "should," in contrast to the term "shall," is aspirational. See PZR § 1.7 ("the word 'shall' is mandatory"); 24 V.S.A. § 4303(26)[3] ("'Should' means that an activity is encouraged but not mandated."); In re Champlain Oil Co., No. 89-7-11 Vtec, slip op. at 37 (Vt. Super. Ct. Envtl. Div. Oct. 10, 2012) (Durkin, J.) ("Regulatory language that directs what 'should' occur . . . is aspirational."). Aspirational language, "without more specific direction, cannot provide the mandatory standards that are required for regulatory provisions." Id. (internal citations omitted). To say that the definition of the term itself does not provide mandatory standards is not to say that light industry uses receive no scrutiny of their effects on the community and environment. Instead, this scrutiny is part of the conditional use review mandated for light industry uses.

As aspirational language couched in the Definitions section of the PZR, we cannot give regulatory effect to the second sentence of the "Light industry" definition. Thus, we **GRANT** summary judgment to Applicant on Appellant's Amended Questions 5, 6, and 7.

---

[2] In determining that Applicant's proposed building is properly classified as a light industry use, we do not give effect to the second sentence of the "Light industry" definition. The classification of a project under a zoning code is a preliminary matter that must be decided prior to any substantive review of the project by either a municipal panel or this Court. To require Applicant in this case to prove that its project is "compatible with a rural residential environment and [does] not cause any air, water or noise pollution" in order to simply classify the project would require a detailed factual inquiry at a preliminary stage of the review process. This would be an irrational reading of the PZR, particularly because this project must undergo detailed conditional use review as a "Light industry" in the Rural Residential District, pursuant to PZR § 4.3. See, e.g., In re Twin Pines Hous. Trust, No. 95-7-11 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 26, 2012) (Walsh, J.) ("Because our paramount goal in interpreting an ordinance is to give effect to the intent of the relevant legislative body, we accept the plain meaning of the words unless doing so would make a provision ineffective or create irrational results.") (citing Town of Killington v. State, 172 Vt. 182, 189 (2001)).

[3] The PZR incorporates the definitions contained in 24 V.S.A. § 4303. PZR § 1.7.

Applicant's proposed project is located within the Town's Rural Residential District, and light industry is permitted within the Rural Residential District subject to receiving a conditional use permit. See PZR § 4.3. Accordingly, the project is properly reviewed under PZR § 2.8, conditional use review. Appellant's Amended Statement of Questions contains two questions related to conditional use review under PZR § 2.8: Questions 8 and 9. Question 8 asks, "Will the proposed wood chip heating system have an undue adverse effect on the character of the area affected, as proscribed under § 2.8 of the Town of Plainfield Zoning Regulations?" Question 9 asks a broader question: "Does the proposed wood chip heating system satisfy the requirements for approval as a Conditional Use—Light Industry under §§ 1.7 and 2.8 of the Town of Plainfield Zoning Regulations?"

We **GRANT** Appellant's motion to amend her Statement of Questions to add Amended Question 9, with the understanding that the § 1.7 definition of "Light industry" has no regulatory effect. Because we will conduct a conditional use review of the proposed project pursuant to Appellant's Amended Question 9, we **DENY** Appellant's motion to add Amended Question 8, as it is already necessarily included within Appellant's Question 9. That is, the project's effect on the character of the area affected is one aspect of conditional use review, which we will address to the extent allowed by state statute, specifically 24 V.S.A. § 4413.[4] Applicant has not, however, demonstrated that it is entitled to judgment on this question, and we **DENY** Applicant summary judgment on Appellant's Amended Question 9.

## Conclusion

Based on our review above, we **GRANT** summary judgment to Applicant on Appellant's Amended Questions 1, 2, 3, 4, 5, 6, and 7 as proposed in Appellant's March 1, 2013 motion. We **DENY** summary judgment to Applicant on Appellant's Amended Questions 8 and 9 as proposed in Appellant's March 1, 2013 motion. We also **GRANT** Appellant's request to

---

[4] Parties raise the question of whether and to what extent our conditional use review of the proposed project is limited by 24 V.S.A. § 4413. Contrary to the Town's arguments, we find that we do have the jurisdiction to consider this issue even if it was not raised below. Section 4413(a) provides limitations on the ability of municipalities to regulate certain uses. This Court thus lacks the statutory authority to enforce municipal development restrictions that violate § 4413(a). This is the case even if no party brought the § 4413 restriction to the attention of the DRB below, since challenges to subject matter jurisdiction are appropriate at any time. See V.R.C.P. 12(h)(3). Section 4413(a)(2) limits the ability of municipalities to regulate school and educational institution uses. If the proposed heating system is a "light industry," as opposed to, for example, an "accessory use" to an educational institution, it is unclear to the Court at this stage of the proceeding whether § 4413(a) applies.

8

amend her Statement of Questions by adding Question 9. Because Question 8 is unduly repetitive, however, and asks this Court to conduct a review it will already conduct in response to Appellant's broader Question 9, we **DENY** Appellant's motion to amend her Statement of Questions by adding Question 8. Finally, we **DENY** Applicant's motion for a declaratory ruling.

The only question remaining for review in this case is Appellant's Amended and Restated Question 9: "Does the proposed wood chip heating system satisfy the requirements for approval as a Conditional Use—Light Industry under §§ 1.7 and 2.8 of the Town of Plainfield Zoning Regulations?"

Please see the enclosed notice of status conference.


Done at Berlin, Vermont this 30th day of April, 2013.


_____

Thomas G. Walsh, Environmental Judge