**State of Vermont**
**Superior Court—Environmental Division**

=======================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
=======================================================================

**In re All Metals Recycling, Inc.**                                    **Docket No. 171-11-11 Vtec**
**(DRB Permit Appeal)**

Title: Motion in Limine to Exclude Evidence (Filing No. 15)

Filed: June 21, 2013

Filed By:  Appellants Darlene Ashley, John Chandler, James Babcock, Jennifer Ashley, William
              Babcock, Shawn Chapman, William Burnett, Jeannine Burnett, Patty Shortsleeves,
              George Shortsleeves, Gary Boutin, Michael Burnett, and Mark Burnett

Response in opposition filed on 6/27/2013 by Appellees All Metals Recycling, Inc. and Riggs
    Properties

___ Granted                    _X_ Denied                    ___ Other

        This case concerns an application for a discretionary zoning permit seeking approval for
Appellee All Metals Recycling, Inc. (All Metals) to establish an outdoor storage area and install
a scale house and scale at 38-42 Dorset Lane in the Town of Williston, Vermont to conduct what
the application terms a "metals recycling operation."   Appellants Darlene Ashley, John
Chandler, James Babcock, Jennifer Ashley, William Babcock, Shawn Chapman, William Burnett,
Jeannine Burnett, Patty Shortsleeves, George Shortsleeves, Gary Boutin, Michael Burnett, and
Mark Burnett appeal a decision by the Town of Williston Development Review Board granting
the permit with conditions.  Now pending before the Court is Appellants' motion in limine to
exclude from the upcoming merits hearing a June 2013 "Parking Space Layout Plan" prepared
by an expert retained by All Metals and Appellee Riggs Properties (together, Appellees).

        Following an April 4, 2013 decision by this Court, In re All Metals Recycling, Inc., No.
171-11-11 (Vt. Super. Ct. Envtl. Div. Apr. 4, 2012) (Walsh, J.), only one question raised by
Appellants remains for our review: "Should Applicants have been denied a discretionary
permit where Applicants failed to demonstrates adequate provision for off-street parking and
loading as required by Chapter 14 of the Bylaw?"  (Neighbors' Am. Statement of Questions at 3,
filed Feb. 23, 2012.)  Prior to a hearing on the merits of that question, Appellants ask this Court
to exclude a new parking plan Appellees intend to use in support of their case.  Appellants
contend that the parking plan represents an "entirely new permit application that has never
been considered by the DRB," since the plan allegedly presents a new parking configuration
and a new location for the existing scale house and storage areas.  (Appellant's Mot. in Limine
to Exclude Evidence at 2, filed June 21, 2013.)  We find Appellants' claims unpersuasive.

        In support of their motion, Appellants cite In re Maple Tree Place, 156 Vt. 494 (1991), in
which the Vermont Supreme Court stated that "[it] is beyond [the Superior Court's] role as an
appellate tribunal, even under a de novo review standard, to start addressing new issues never
presented to the planning commission and on which interested persons have not spoken in the

local process." Id. at 500.  We first note that Appellee's new parking plan hardly raises a new issue never addressed by the DRB below.  The new parking plan appears to differ little from the old plan, which the DRB reviewed, aside from more specifically defined parking areas with labels indicating the number of spaces in each area.

We also note that the Supreme Court has since clarified its statement in In re Maple Tree Place.  "If applicants were barred from presenting minor revisions to the Environmental Court in response to concerns expressed by interested parties, site-plan review would become a procedural ping-pong match: any change would result in a remand for municipal consideration, followed by another appeal to the Environmental Court."  In re Sisters & Brothers Inv. Group, 2009 VT 58, ¶ 21, 186 Vt. 103.  "While truly substantial changes to the form or type of an application do require remand, . . . revisions to a site plan that do not materially change the pending application or the type of permit requested are lawful and do not necessarily require a remand."  Id. (citing In re Torres, 154 Vt. 233, 236 (1990)).

Appellees in this case cannot seriously argue that a minor reconfiguration of the parking arrangement on an existing parking lot is a material change to the pending application.  To the extent that certain objects, including the existing scale house, are shown in slightly different locations in the new parking plan, Appellees explain that "Exhibit B was prepared later in time after a professional survey had been conducted," which more accurately depicted the location of the existing scale and scale house, which have not moved.  (Appellee's Opp. to Mot. in Limine at 4, filed June 27, 2013.)  We see nothing in the new parking plan that requires this Court to exclude it from review in the upcoming merits hearing.  Accordingly, we **DENY** Appellant's motion in limine.

 

_____          _____July 1, 2012_____
            Thomas G. Walsh, Judge                    Date

===============================================================================

Date copies sent: _____          Clerk's Initials: _____

Copies sent to:

  Hobart F. Popick, Attorney for Appellants Darlene Ashley, John Chandler, James Babcock, Jennifer Ashley, William Babcock, Shawn Chapman, William Burnett, Jeannine Burnett, Patty Shortsleeves, George Shortsleeves, Gary Boutin, Michael Burnett, and Mark Burnett

  Robert F. O'Neill, Attorney for Appellees All Metals Recycling, Inc. and Riggs Properties

  Paul S. Gillies, Attorney for Interested Person Town of Williston