VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00075



| Conway. et al. v. State of Vermont, et al. |
| --- |

**ENTRY ORDER**

In this matter Richard and Sandra Conway and Ashmal Properties, LLC (together, Petitioners) seek a declaratory judgment that the State of Vermont and Vermont Agency of Transportation (together, Respondents) must obtain a conditional use permit from the Town of Pittsford (Town) prior to undertaking certain improvements to roadways in the area of the intersection to Vermont Routes 3 and 7 in Pittsford.  Petitioners file this matter pursuant to Vermont Rules of Civil Procedure (V.R.C.P.) 57 and 12 V.S.A. §§ 4711—15, within the Declaratory Judgments Act.

On November 6, 2023, this Court held its initial status conference.  At the status conference, the Court expressed to the parties its concern that it lacked jurisdiction over the action.  Specifically, the Court is concerned that the suit is between Petitioners, a private party, and Respondent, an alleged permitee.  This is not an action against a permitting body with respect to the ability of the Town's zoning regulations.  There is no action by the Town below.  Petitioner filed a short brief on this issue on November 7, 2023, asserting that this Court has jurisdiction over their claims.  On November 17, 2023, Respondents filed a similarly cursory brief effectively agreeing with Petitioners.  Neither brief addresses a fundamental issue with the pending action.

This Court is one of limited jurisdiction.  See 4 V.S.A. § 34.  Pursuant to § 34, this Court's jurisdiction is limited to: "(1) jurisdiction of matters arising under 10 V.S.A. chapters 201 and 220; (2) jurisdiction of matters arising under 24 V.S.A. chapter 61, subchapter 12 and chapter 117; and (3) original jurisdiction to revoke permits under 10 V.S.A. chapter 151." Id.  Further, the Vermont Rules of Environmental Court Procedure (V.R.E.C.P.) note that the Court has jurisdiction over

1

"[a]ny other original action concerning a subject matter within the jurisdiction of [this Court] in which the relief sought is not available under other provisions of these rules or by action pursuant to paragraphs (1)-(9) of this rule." V.R.E.C.P. 3(10). The Court retains jurisdiction over certain declaratory judgment actions. See PLH, LLC v. Town of Bennington, (Vt. Super. Ct. Envtl. Div. July 11, 2018) (Walsh, J.) (citations omitted) (setting forth the jurisdictional bounds of declaratory judgment action in this Court); see also Gould v. Town of Monkton, 2016 VT 84, 202 Vt. 535 (addressing the jurisdictional relationship between this Court and the Civil Division).

Petitioners point to these statutory jurisdictional provisions and effectively argue that, because their declaratory judgment action stems from an issue relative to zoning and Chapter 117 of Title 24, this Court has jurisdiction to hear their claims. While the Court agrees that this is the relevant law for understanding the general jurisdiction of this Court, it fails to address the larger jurisdictional issue in this action.

The Town is not the respondent to this suit, nor is it even named as a party hereto. There is no allegation that Petitioners contacted the Town Zoning Administrator in connection with their assertion that Respodents require a zoning permit. This is not appeal of a petition by Petitioners to the Town Zoning Administrator to require Respondent to obtain a zoning permit nor is this an action against the Town for an alleged failure to act with respect to its obligations to enforce its zoning regulations. See 24 V.S.A. § 4472(a) ("[T]he exclusive remedy . . . with respect to any decision or act taken, failure to act, *under this chapter* [117] . . . shall be the appeal to the appropriate [municipal] panel.") (emphasis added).

The Vermont Supreme Court has explicitly cautioned that this Court, when reviewing matters of local zoning, "must resist the impulse to view itself as a super planning commission." See Chioffi v. Winooski Zoning Bd., 151 Vt. 9, 13 (1989); see also In re Maple Tree Place, 156 Vt. 494, 500 (1991). The present action asks this Court to wholly usurp the Town's role in determining whether Respondents' activity within the Town requires a zoning permit. While declaratory judgment actions generally are contemplated by Vermont law, Petitioners' present request as against Respondents effectively amounts to a citizen suit that is not contemplated by

Chapter 117. Petitioners point to no precedent or provision of law that would allow for this type of suit in this Court.[1]

Absent any legal basis for this suit, we must conclude that we are without jurisdiction to hear it. Thus, we **DISMISS** this action. See V.R.C.P. 12(h)(3) (requiring this Court to dismiss an action sua sponte "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.").

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed December 13, 2023 in Burlington, Vermont pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[1] In support of this action, Petitioners rely on Town of Grand Isle v. State of Vermont. No. 87-8-18 Vtec (Vt. Super. Ct. Envtl. Div. Dec. 20, 2018) (Walsh, J.). In Grand Isle, the Town of Grand Isle initiated an action against the Respondent Agency of Transportation seeking an injunction on the grounds that certain construction buildings the Agency installed while completing a roadway project in the town required a zoning permit. The Court ultimately granted the Agency's motion to dismiss on sovereign immunity grounds and did not address the substantive merits of the request, nor other potential jurisdictional constraints on the request. Id. at 3—4. Additionally, the facts presented in Grand Isle are substantially different than those presented here. Grand Isle concerned a municipality seeking to enforce its zoning regulations through an injunction. Here, Petitioners are private landowners seeking a judgment as to the applicability of the Town's regulations on an alleged permitee. For both these reasons, Grand Isle provides little guidance in the pending action.