STATE OF VERMONT

| SUPERIOR COURT Vermont Unit | ENVIRONMENTAL DIVISION Docket No. 130-8-14 Vtec |
|---|---|
| Dugan Landscape Permit | DECISION ON MOTIONS |

### Decision on Cross-Motions for Summary Judgment

This matter concerns property at 37 Elm Street in the Village of Woodstock, Vermont. Landowners Kevin and Diane Dugan (the Dugans) seek conditional use approval to install fencing, remove and replace goutweed with conservation mix, and remove a hollowed out sugar maple tree on their property. The Village of Woodstock Development Review Board (DRB) approved the Dugans' Conditional Use Permit application on July 31, 2014. Neighboring landowner Jennifer Falvey timely appealed that decision to this Court and filed a Statement of Questions consisting of eight questions. The Dugans now move for summary judgment on all eight of Ms. Falvey's Questions. Ms. Falvey moves for summary judgment on Questions 1, 2, 3, 4, 5, 6, and 8.

The Dugans are represented in this appeal by attorney Peter K. Vollers. Ms. Falvey is represented by attorney Andrew H. Montroll. The Village of Woodstock is represented by attorney Todd C. Steadman.

### Factual Background

For the sole purpose of putting the pending motions into context the Court recites the following facts, which are undisputed:

1.  Applicants Kevin and Diane Dugan own the house and property located at 37 Elm Street in the Village of Woodstock. The Dugans' property is located within the Village's Residential Low Density District, Design Review District, and Conservation/Riparian Buffer District.

2.  Appellant Jennifer Falvey owns the house and property located at 31 Elm Street in the Village of Woodstock, Vermont.

1

3.  Interested party Pauline Billings resides at 4 Bond Street in the Village of Woodstock, Vermont.

4.  The Dugan's property is defined by Pleasant Street to the north, Ms. Billings' property to the east, Ms. Falvey's property to the south, and Elm Street to the west.

5.  The Kedron Brook runs north-to-south between the Dugan and Billings properties.

6.  On June 10, 2014 the Dugans submitted a zoning permit application to install 420 linear feet of fencing, remove and replace 7400 square feet of goutweed with conservation mix, and remove a hollowed out sugar maple tree.

7.  The Dugans' application included a site plan prepared by a landscape architect. The site plan depicts (1) the location of the riparian buffer zone, (2) the location of the proposed fence, and (3) the location of the proposed landscaping improvements, including the existing goutweed, proposed plantings, and an at-grade fieldstone terrace with a recessed fire pit, to be accessed by a mulch pathway.

8.  The Village of Woodstock Design Review Board and Conservation Commission held a hearing on the application on July 16, 2015. Prompted by comments from the Design Review Board and Conservation Commission regarding impacts to the riparian buffer zone, the Dugans revised their site plan to reflect changes to the location and length of the proposed fencing.

9.  The Village of Woodstock Development Review Board (DRB) held a hearing on the Dugans' application on July 23, 2014, during which it reviewed the Dugans' application and a draft revision of the original site plan, the final version of which was submitted on July 24, 2014.

10.  As indicated on both the original and revised site plans, the terrace and fire pit, as well as a portion of the mulch pathway, are located within the Kedron Brook riparian buffer zone.

11.  The proposed terrace, fire pit, and mulch pathway constitute a vegetation removal of less than 5% of the riparian buffer zone area.

12.  The DRB issued a Notice of Decision on July 31, 2014 granting approval to install 450 linear feet of 4-foot black metal fencing, 120 linear feet of picket fencing, and a vent on

2

the north elevation of the house. The additional fencing over what was proposed in the application was a result of the changes prompted by the Design Review Board and the Conservation Commission.

13. The Dugans' permit specifies that, pursuant to 24 V.S.A. § 4449, the permit takes effect 30 days from the date of the DRB's Notice of Decision unless a notice of appeal has been properly filed, in which case the permit does not take effect until the final adjudication of that appeal.[1]

14. Ms. Falvey timely appealed the DRB's July 31, 2014 decision and filed a Statement of Questions consisting of 8 Questions related to a fire pit, terrace, and pathway proposed in the Dugans' site plan.

15. The Certificate of Service regarding the Notice of Appeal was dated September 24, 2014, by which date the Dugans had completed construction of the terrace, fire pit, and pathway.

## Discussion

The pending appeal includes eight Questions regarding the Dugans' proposed landscaping improvements within the Kedron Brook riparian buffer zone, specifically an at-grade fieldstone terrace, fire pit, and mulch pathway. Ms. Falvey's Questions raise two issues. First, the Questions ask whether the Dugans can be granted a permit to construct a terrace, fire pit, and pathway when these features were not identified in their permit application, considered by the DRB, or addressed in the DRB's Notice of Decision. Second, the Questions ask whether the Dugans can be granted a permit to construct a terrace, fire pit, and pathway under the Regulations. Both parties now move for judgment in their favor as a matter of law. The Dugans move for summary judgment on all 8 of Ms. Falvey's Questions, while Ms. Falvey moves for summary judgment on Questions 1, 2, 3, 4, 5, 6, and 8. We address both motions below.

---

[1] While the permit states that this provision is pursuant to 24 V.S.A. § 4449 we note the rule set out in the permit does not match § 4449. Under § 4449(a)(3) a decision of a zoning administrator is automatically stayed by an appeal to an appropriate municipal panel, but a decision by that panel is not automatically stayed by appeal to this Court. Rather, as referenced in § 4449(a)(3), a stay of a municipal panel's decision is governed by 10 V.S.A. § 8504(f), which for most matters requires a motion to stay being granted by the Court.

I.       **Summary Judgment Standard**

Pursuant to Rule 56(a) of the Vermont Rules of Civil Procedure (V.R.C.P.), a party seeking summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When considering cross-motions for summary judgment, the court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. The court also accepts as true all factual allegations made in opposition to a motion for summary judgment, so long as they are supported by "specific citations to particular parts of materials in the record." V.R.C.P. 56(c)(1)(A). Furthermore, we must give the benefit of all reasonable doubt to the non-moving party.

II.      **Ms. Falvey's Statement of Questions**

Ms. Falvey's Questions 1, 2, and 3 ask whether the Dugans can be granted a permit to construct a terrace, fire pit, and pathway when those features were not specified or identified in their permit application or the DRB's discussion at the hearing, findings, Notice of Decision, or the permit. Questions 4, 5, 6, 7, and 8 ask whether the Dugans can be granted a permit to construct a terrace, fire pit, and pathway under Regulations §§ 403(A)(1)(c), 403(A)(1)(e), 710(A), and/or 304(E)(4).

In a de novo review of a zoning decision, this Court's review is limited to those issues raised before and considered by the municipal panel below. See, e.g., In re Torres, 154 Vt. 233, 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board of adjustment or a planning commission, but it is not broader."); In re Maple Tree Place, 156 Vt. 494, 500 (1991) ("[I]t is beyond [the superior court's] role as an appellate tribunal, even under a *de novo* review standard, to start addressing new issues never presented to the planning commission and on which interested persons have not spoken in the local process.").[2]

The application now before the Court is the Dugans' request for approval of 420 linear feet of black metal fencing within the riparian buffer zone, the removal of 7400 square feet of

---

[2] This standard is not as limiting as the on-the-record review standard applied by the Supreme Court which prohibits parties from raising new arguments on appeal that were not raised below.

goutweed and its replacement with conservation mix, and the removal of a hollowed out sugar maple measuring 36" in circumference. As indicated in their July 31, 2014 Notice of Decision, the DRB considered the Dugans' application under Regulations §§ 405 and 710, the Design Review District and Conditional Use provisions, and granted approval "to install 450 linear feet of 4' black metal fencing and a 120 linear foot picket fence and add a vent to north elevation of the house." The actual permit granted to the Dugans includes the same express language.

We read the DRB's decision and the permit narrowly as granting approval only for the installation of 450 linear feet of 4' black metal fence and a 120 linear foot picket fence and the addition of a vent to north elevation of the house. Our review is therefore limited to those same issues. We do not read the DRB's decision or permit as constituting approval of the terrace, fire pit, or pathway, and we do not opine as to whether these features require review or approval, as they were not before the DRB and are not before the Court.

Because the features discussed in Ms. Favley's Questions were not presented in the Dugans' application, nor were they considered by the DRB in their review of that application, the Court is unable to construe Ms. Falvey's Questions about the terrace, fire pit, or pathway as within the Court's subject matter jurisdiction. We therefore **DENY** Ms. Falvey's and the Dugans' motions for summary judgment. Additionally, as we conclude that Ms. Favley's Questions 1–8 are beyond the Court's subject matter jurisdiction, we **DISMISS** this matter pursuant to V.R.C.P. 12(h)(3). V.R.C.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

### Conclusion

The application pending before the Court seeks approval for 420 linear feet of black metal fencing within the riparian buffer zone, the removal and replacement of 7400 square feet of goutweed with conservation mix, and the removal of a hollowed out sugar maple. Ms. Falvey's Questions address features outside the scope of the Dugans' application, the DRB's decision, and the permit. For this reason, Ms. Falvey's Questions are wholly outside this Court's subject matter jurisdiction and this matter is therefore **DISMISSED**. The DRB's July 31, 2014 Notice of Decision is final and binding. To be clear, by their own terms, neither the DRB decision nor the permit grant approval for a terrace, fire pit, or pathway.

5

This completes the matter before the Court.   A Judgment Order accompanies this Decision.

Electronically signed on April 08, 2015 at 02:57 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division