In re INTERIM BYLAW, Waitsfield, Vermont (Edmund W.E. and Deborah Stein, Appellants)

[742 A.2d 742]

No. 98-453

October 6, 1999. Plaintiffs Edmund and Deborah Stein appeal a final order dismissing their complaint for declaratory judgment and holding that an interim bylaw adopted by the Town of Waitsfield does not constitute an unconstitutional taking of their property. We affirm.

Plaintiffs own 195 acres of land in Waitsfield, of which 130 acres are located above 1,700 feet in a forest reserve zoning district. In February 1997, the Town's selectboard, pursuant to 24 V.S.A. § 4410, adopted an interim bylaw imposing limitations on land development. Plaintiffs challenge that portion of the interim bylaw that prohibits one and two-family dwelling units in the district at or above an elevation of 1,700 feet. Plaintiffs neither applied for nor sought any approvals under the bylaw or relief from its application prior to bringing this declaratory judgment action.

In March 1997, plaintiffs served their complaint on the Town agent. In May 1997, the Town answered plaintiffs' complaint and moved for summary judgment, arguing that plaintiffs had failed to demonstrate that the Town's interim bylaw constituted an unconstitutional taking of plaintiffs' land. On September 9, 1997, the trial court issued an order granting summary judgment in the Town's favor. Both sides stipulated that the court's order constituted a final judgment, and this appeal followed.

When reviewing a grant of summary judgment, we apply the same standard as the trial court. See *Madden v. Omega Optical, Inc.*, 165 Vt. 306, 309, 683 A.2d 386, 389 (1996). We will affirm a grant of summary judgment if, after taking all allegations made by the nonmoving party as true, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See *Town of Hinesburg v. Dunkling*, 167 Vt. 514, 521, 711 A.2d 1163, 1167 (1998).

In their appeal, plaintiffs challenge the Town's interim bylaw on its face rather than as applied to them. See, e.g., *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 494-95 (1987) (explaining that zoning regulations can be challenged as a taking either on their face or as applied to an owner's property). A facial takings challenge alleges that the

mere adoption of land use regulations constitutes a taking of the property. See *Killington, Ltd. v. State*, 164 Vt. 253, 261, 668 A.2d 1278, 1283 (1995). A facial challenge is ripe for judicial review upon the adoption of the regulation. See *id.* To prevail under such a challenge, plaintiffs must show either that the ordinance in question does not substantially advance a legitimate state interest or that it denies the owner an economically viable use of his land. See *Chioffi v. City of Winooski*, 165 Vt. 37, 41, 676 A.2d 786, 789 (1996) (quoting *Agins v. City of Tiburon*, 447 U.S. 255, 260 (1980)). In this case, plaintiffs fail under both tests.

Plaintiffs present no argument that the interim bylaw does not substantially advance a legitimate state interest. Nevertheless, we find that the Town has a legitimate interest in resource protection and preservation. See, e.g., *Keystone Bituminous Coal*, 480 U.S. at 486 (stating that a statute with a broad range of governmental purposes and regulations will satisfy the "legitimate state interest" requirement). Moreover, the reasons advanced in the "purpose" section of the interim bylaw present a sufficient nexus between the Town's goal of resource protection and preservation and the regulatory mechanisms employed to advance the goal.* Therefore, plaintiffs cannot prevail under the first test.

---

*That section states:

The purpose of the Forest Reserve District is to protect significant forest resources, water supply, watersheds, forest ecosystems, and wildlife habitat at higher elevations; to assure continued present and future outdoor recreational opportunities along the ridge; to keep the visual character of the ridge natural and undisturbed; and to exclude development [in] areas with steep slopes, shallow soils, unique or fragile resources, wildlife habitat, and poor access

To prevail under the second test, plaintiffs must show a denial of all economically beneficial use of their land. See *Chioffi*, 165 Vt. at 42, 676 A.2d at 790. Plaintiffs have made no such showing. On its face, the interim bylaw allows for several uses above 1,700 feet, including, among other things, using the land for agricultural and forestry purposes. In their response to the Town's motion for summary judgment, plaintiffs provided no evidence that the uses allowed under the interim bylaw are not economically viable. As we have previously stated, "[a] court cannot determine whether a regulation has gone too far unless it knows how far the regulation goes." *Killington, Ltd.*, 164 Vt. at 262, 668 A.2d at 1284.

In addition, plaintiffs have failed to present any evidence regarding the productive potential of their land that was abolished by the interim bylaw. Their argument that the prohibition against using the property for residential purposes constitutes a taking per se is without merit. They have not lost all economically beneficial use of the property, and "the destruction of one strand of the [owner's bundle of rights] is not a taking because the aggregate [of these rights] must be viewed in its entirety." *Keystone Bituminous Coal*, 480 U.S. at 497. Therefore, their argument under the second test also fails.

*Affirmed.*

---

to town roads and community facilities and services.

The purpose of this interim zoning by-law is to provide the Town time to review the results of recently completed studies and expert analysis of portions of this area, determine whether additional studies are needed to plan for development in this area and prepare specific proposals for implementation of the development recommendations regarding this area.