STATE OF VERMONT

SUPERIOR COURT
ENVIRONMENTAL DIVISION
Docket No. 78-7-19 Vtec

| Demars Prop LLC 275 Brooklyn St. |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Site Plan (78-7-19 Vtec)

Title:          Motion to Dismiss (Motion 2)
Filer:          Vermont Foundation of Recovery
Attorney:    Christopher J. Nordle
Filed Date:  December 9, 2019

Response filed on 01/06/2020 by Robert Pierce Reid, Appellant
          Partial Opposition

**The Motion Is GRANTED In Part.**

Robert Pierce Reid and John Rodriquez (together, Appellants) appeal a site plan approval issued by the Morristown/Morrisville Development Review Board (DRB) to the Vermont Foundation of Recovery (VFOR) to house six unrelated individuals in an existing residential apartment (the Project). The apartment is owned by Demars Properties, LLC and located at 360 Maple Street in Morristown.

Appellants represent themselves in this matter. Interested Person VFOR is represented by Christopher J. Nordle, Esq. Also participating as interested persons are the Town of Morristown and Reverend Barbara Miller. Presently before the Court is VFOR's motion to dismiss the questions presented in Appellants' Statement of Questions.

VFOR moves to dismiss questions pursuant to V.R.C.P. 12(b)(1) and 12(b)(6), and to require Appellants to clarify any remaining questions pursuant to V.R.C.P. 12(e). When reviewing motions to dismiss for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(b)(1), we accept all uncontroverted factual allegations as true and construe them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

When reviewing motions to dismiss for failure to state a claim pursuant to V.R.C.P. 12(b)(6), we assume the factual allegations made by Appellant are true and can only grant dismissal if "it appears beyond doubt that there exist no facts or circumstances that would entitle [Appellants] to relief." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (quoting Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309). We may require an appellant to clarify their

1

questions under V.R.C.P. 12(e) if the questions are "so vague or ambiguous that a party cannot reasonably be required to frame a respons[e]." V.R.C.P. 12(e).

The Environmental Division is a court of limited jurisdiction. 4 V.S.A. § 34. Our jurisdiction includes matters arising from an "appropriate municipal panel" under 24 V.S.A. Chapter 117. Id.; 24 V.S.A. § 4303(3) (defining "appropriate municipal panel" to include development review boards); 24 V.S.A. § 4471(a) (authorizing appeals to the Environmental Division). As such, this appeal is properly before the Court.

VFOR contends that some or all of the issues raised in the Statement of Questions fall outside the scope of our review. Before addressing VFOR's arguments, we note that Appellants' questions fail to reference the applicable municipal regulations. In addition, the questions set forth assertions or arguments that are not appropriate for a statement of the issues. See In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.) ("[D]etailed factual and legal information that goes beyond identifying the Questions and crosses over into arguing the merits . . . is misplaced in a Statement of Questions.") (citation omitted). Self-represented litigants are entitled to a certain degree of latitude in putting on their case. See In re Duval CU Denial, No. 93-8-18 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Mar. 14, 2019) (Walsh, J.) (recognizing that "latitude is necessary," but cautioning that the Court must enforce governing rules equitably and avoid extrapolating arguments from litigants' filings). Thus, where Appellants' questions clearly implicate an issue under the "Zoning and Subdivision Bylaws Village of Morrisville Town of Morristown" (Bylaws)[1], we will construe them to make the appropriate references.

We begin with Question 1, which asks whether a household of 6 unrelated individuals in recovery constitutes "a valid family . . . under Vermont or federal law[.]" VFOR contends that we should dismiss the question because (1) federal law is outside our jurisdiction, and (2) Chapter 117 does not define "family." We agree that the federal law is beyond the scope of review and the Question does not point to any Vermont statute. Based on the record and the parties' representations, however, we find that Question 1 intends to challenge the Project under the Bylaws' definition of "Family." See Bylaws § 910. VFOR's motion states that the DRB conducted site plan review and interpreted "the definition of 'family' under the bylaw." VFOR Motion to Dismiss at 3, filed Dec. 9, 2019. Appellants' response also cites the definition of family as a key issue in the DRB's site plan deliberations. Appellants Response to Motion to Dismiss at 1, filed Jan. 6, 2020. The DRB's decision states that VFOR "applied for a permit to house six (6) unrelated females living together as a Family in a substance abuse recovery house." DRB Notice of Decision, filed July 11, 2019.

In our *de novo* review of municipal decisions, this Court sits in the shoes of the relevant municipal panel. V.R.E.C.P. 5(g); 10 V.S.A. § 8504(h); In re Feeley Constr. Permits, Nos. 4-1-10 Vtec, 5-1-10 Vtec, slip op. at 11-13 (Vt. Super. Ct. Envtl. Div. Jan. 3, 2011) (Wright, J.) (citing In re Maple Tree Place, 156 Vt. 494, 500 (1991)). The scope of the municipal panel's authority determines the scope of ours. See In re Sweet Bldg. Permit, No. 19-2-12 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jan. 25, 2013) (Walsh, J.) (citing In re Torres, 154 Vt. 233, 235 (1990)). Here,

---

[1] VFOR filed a copy of the Bylaws, adopted by Morrisville and Morristown in September 2018.

the DRB was well within its authority to interpret the Bylaws as "the administrative body responsible for [their] execution." See In re Duncan, 155 Vt. 402, 408 (1990) (upholding a zoning board's interpretation of a parking ordinance). This Court's authority is coextensive; we routinely engage in bylaw interpretation. See, e.g., Ledoux Zoning Permit, No. 81-6-17 Vtec, slip op. at 3–5 (Vt. Super Ct. Envtl. Div. Jan. 4, 2018) (Walsh, J.). VFOR's motion to dismiss is **DENIED** as to Question 1, and we interpret the question as follows:

1. Does a household of 6 unrelated individuals living together for recovery purposes, with a shared kitchen and living room facility, constitute a "Family" as defined by § 910 of the Zoning and Subdivision Bylaws for Morrisville/Morristown (Bylaws)?

Question 2 appears to ask whether the Project should be classified as a "medical facility" given its purpose to assist individuals in recovery. VFOR asks us to dismiss the question because (1) "medical facility" is not defined in the Bylaws or Chapter 117, and (2) VFOR does not propose to provide medical services. We recognize that Appellants' likely intended to ask whether the Project should be considered a "Health Care Facility" under the Bylaws. See Appellants' Response to Motion to Dismiss at 3; Bylaws § 910 (defining "Health Care Facility"). The application before the Court, however, does not seek approval for that use.[2] "This Court must consider only [Appellants'] proposed use, as stated on its . . . Application." In re All Metals Recycling, Inc., No. 171-11-11 Vtec, slip-op. at 5 (Vt. Super. Ct. Envtl. Div. Apr. 23, 2012) (Walsh, J.) (citation omitted); see also 10 V.S.A. § 8504(h); V.R.E.C.P. 5(g); In re Torres, 154 Vt. at 235 (1990) ("The reach of the superior court in zoning appeals is as broad as the powers of a zoning board . . . but it is not broader."). Thus, whether VFOR's proposal constitutes a "Family" will determine whether the application is approved or denied.[3] VFOR's motion to dismiss is **GRANTED** as to Question 2.

VFOR also moves to dismiss Question 3 and 4 as outside the Court's jurisdiction and scope of review, respectively. Appellants do not object to the dismissal of Question 3, and we cannot identify reviewable issues within the question.[4] Any recognizable issues in Question 4 are outside the scope of review for the same reasons outlined above in the discussion of Question 2.[5] VFOR's motion to dismiss is **GRANTED** as to Questions 3 and 4.

In conclusion, VFOR's motion to dismiss is **DENIED** as to Questions 1 and **GRANTED** as to Questions 2, 3, and 4. Question 1, as construed here, sets forth the issues to be decided moving forward. The issues are clear enough for VFOR to frame a response and understand the grounds

---

[2] Our conclusion is based on VFOR's filings and information in the DRB's decision below. VFOR's application is not in the record.

[3] At the appropriate time, Appellants are free to offer any relevant evidence on the question whether VFOR's proposal constitutes a "Family" under the Bylaws.

[4] Question 3 appears to ask whether medical professionals should oversee VFOR's "facility" in a medical environment.

[5] Question 4 asks whether a "medical facility" should be allowed in a "neighborhood zoned for residential use." We reiterate that Appellants are free to introduce relevant evidence relating to Question 1: Whether VFOR's proposed use constitutes a "Family" under the Bylaws. See In re Irish Const. Application, No. 44-3-08 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Sep. 09, 2008) (Durkin, J.) (striking portions of an appellants' filings which sought to put forward evidence and noting that the Court would accept relevant evidence at the appropriate time).

on which Appellants' claim rests. See V.R.C.P. 12(e); Reporter's Notes, V.R.C.P. 8(a) (citing Conly v. Gibson, 355 U.S. 41, 47 (1957)).  Thus, we **DENY** VFOR's motion to require clarification.

So ordered.

Electronically signed on January 31, 2020 at 01:30 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
Appellant Robert Pierce Reid
Appellant John Rodriguez
Interested Person Town of Morristown
For Informational Purposes Only Dan Lindley
Interested Person Barbara Miller
Christopher J. Nordle (ERN 1329), Attorney for Interested Person Vermont Foundation of Recovery
For Informational Purposes Only David Riegel