VERMONT SUPERIOR COURT

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00052



| Livingston ZA Permit Appeal | Merits Decision |
|---|---|

In this matter, Randy Livingston (Appellant) appeals a May 28, 2024 decision of the Town of Swanton (Town) Development Review Board (DRB) denying Appellant's appeal of the Town Zoning Administrator decision approving Karen McDonald's (Applicant) application to place a home on her property located at 60 County Road, Swanton, Vermont (the Property). The proposed home was placed on the Property following the DRB's decision and is serviced by a pre-existing wastewater system.

On November 7, 2024, this Court held a one-day merits hearing via the WebEx platform. Appellant appeared and is represented by Daniel S. Triggs, Esq. Applicant appeared and is self-represented. The Town has not appeared in this matter.

### Findings of Fact

1. Karen McDonald owns property located at 60 County Road, Swanton, Vermont.

2. The Property previously contained Applicant's residence and associated infrastructure.

3. The application before the Court seeks zoning approval to place a "replacement" home on the Property.

4. The Property contains a Class II wetland, with an associated buffer zone, in the middle portion of the Property. See Appellant Ex. E (Site Plan).

5. The wetland, inclusive of the buffer, runs the entire width of the Property in this area. Id.

6. The Town Zoning Administrator has not issued any zoning violations to Applicant regarding the Property.

7. The Property is abutted to the east by property occupied by Ralph Giroux.

8. In the 1980s, a zoning permit was issued to place a driveway over the Property to access the adjoining property. See Applicant Ex. 3.

9. Prior to the submittal of the application on appeal, Applicant received a wastewater and potable water supply permit from the Vermont Agency of Natural Resources (ANR) to locate a new septic system at the Property to replace a failed wastewater system, which was subsequently amended (together, the WW Permit). See Appellant Ex. C; Appellant Ex. D (amendment to the WW Permit).

10. The WW Permit was not appealed.

11. The WW Permit authorized the placement of a new mound system to be installed in the rear portion of the Property, outside of the wetland and buffer zone. Id.

12. The mound system is connected to the front of the Property, which then contained Applicant's previous residence, by a pressure sewer line. Id.

13. The sewer line runs through the wetland buffer on the easterly side of the Property. Id.

14. The wastewater system, including its location on the Property, were designed with assistance and comment of ANR.

15. Pursuant to the WW Permit, in 2023, the new wastewater system was installed.

16. In 2024, Applicant applied for a zoning permit for a new "replacement" home at the Property, which would be served by the previously installed new septic system authorized by the WW Permit.

17. The new home, replacing the previous residence, is located outside of the wetland and the buffer zone.

18. The Town Zoning Administrator approved the application.

19. Randy Livingston appealed that approval to the Town DRB.

20. The DRB denied his appeal by decision dated May 28, 2024.

21. Appellant timely appealed that denial to this Court.

**Statement of Questions**

Appellant presents three Questions in his Statement of Questions. They ask:

> 1. Is the decision of the [DRB] legally deficient in that the proposed development does not conform with Section 3.14 – Development Near Waterways of the zoning regulations and by-laws of the Town of Swanton in that sensitive wetland areas and buffer zones will be impacted? . . .
> 2. Is the decision of the [DRB] legally deficient in that in its decision it failed to adequately address the fact that the applicant allowed an adjoining property owner to place fill material within a wetland buffer zone in violation of Section 3.14 – Development Near Waterways of the zoning regulations and by-laws of the Town of Swanton?

2

3.  Can an applicant for a building permit who is in violation of existing zoning and subdivision regulations within a municipality be allowed such permit without first correcting the existing violation?

Statement of Questions (filed July 18, 2024).

While these Questions are posed in an "on-the-record" manner, the Town is not an "on-the-record" town, and we hear appeals from the DRB de novo. See V.R.E.C.P. 5(g). The Court interprets the Questions to be consistent with our de novo review on appeal and generally ask whether the application conforms with the Town & Village of Swanton Land Use & Development Regulations (the Regulations) § 3.14, generally, (Question 1), whether the application conforms with § 3.14 due to fill being allegedly placed in a wetland buffer zone by an adjoining property owner (Question 2), and whether the application may be approved due to alleged zoning violations (Question 3).

## Discussion

### I.  Question 1

Question 1 asks whether the application should be denied because it fails to comply with Regulations § 3.14, concerning development near waterways.

Regulations Table 3.7 requires a 50-foot buffer zone from Class II wetlands. Generally, buffer zones are to be undisturbed natural vegetated areas. See Regulations § 3.14(A). New structures may, however, be constructed within a buffer zone if certain factual circumstances warrant it and certain requirements are met. See Regulations § 3.14(B).

The 50-foot buffer zone from the Class II wetland on the Property is shown on Appellant's Exhibit E, the site plan. It is also marked in yellow on Applicant's Exhibit 1. It is undisputed that the "replacement" home that is the subject of this application is outside of both the wetland and the buffer zone. Thus, the home itself complies with Regulations § 3.14.

The Court understands Appellant's assertion pursuant to Question 1 concerns the wastewater system that was installed pursuant to the WW Permit, prior to Applicant's submittal of the application for a "replacement" home before the Court. The application before the Court does not seek permission from the Town to install the wastewater system. The wastewater system was installed prior to the pending application and pursuant to the WW Permit, which was not appealed.

Appellant asserts that, despite the previous permitting for the wastewater system and its unrelated installation prior to the application before ethe Court, the DRB was obligated to review the wastewater system because it was going to serve the new home. This is not supported by the Regulations, or the facts presented.

3

Regulations § 3.15 requires that "[n]o building or structure shall be erected . . . unless an adequate wastewater disposal system is provide in compliance with all applicable municipal and state regulations in accordance with 10 V.S.A. Chapter 64." It goes on to state that "[w]astewater disposal and potable water supply shall be regulated by [ANR]" under the applicable Wastewater System and Potable Water Supply Rules. Regulations § 3.15. Subsection (B) states that "[w]here a Wastewater System and Potable [Water] Supply Permit is required, initiation of construction under a Zoning permit in accordance with the [Regulations] shall be prohibited unless and until a Wastewater System and Potable Water Supply Permit is issued and approval provided to the Administrative Officer." Id.

Presently, Applicant has sought zoning approval for the new "replacement" home through the application on appeal. The WW Permit has been provided to show that the wastewater system was approved as required by Regulations § 3.15. Here, the wastewater system was permitted by ANR and constructed prior to, and separate from, the construction of the new "replacement" home. Appellant points to no provision of the Regulations that allows the DRB or Zoning Administrator to review the previously permitted and already constructed wastewater system in connection with the application for a new "replacement" home, which simply seeks to connect to the system, and does not seek approval from the Town to build the system. The Regulations simply require that a new building, such as the one proposed, be served by an adequate wastewater system. Applicant has demonstrated that the new "replacement" home will be served by an ANR-permitted wastewater system and that the system was installed pursuant to that permit. Appellant points no provision of the Regulations that allows the DRB to review the previously installed wastewater system in the context of the application before the Court.

Appellants flawed legal argument presents practical limitations as well. Again, the application before the Court does not seek approval of the wastewater system, but instead of a home to be served by a pre-existing wastewater system that is subject to its own permit from ANR. If the Court were to deny the application before the Court as Appellant requests, the wastewater system would remain at the Property as installed. No decision by this Court in this appeal will alter the fact that the wastewater system is on-site.

For these reasons, the Court answers Question 1 in the negative.

## II.    Questions 2 and 3

Question 2 addresses whether the application should be denied due to an adjoining landowner allegedly placing fill within the wetland buffer. Question 3 more broadly asks whether the application may be approved when there are zoning violations at the Property. Both Questions present the

4

argument that there are zoning violations at the Property that would require the application to be denied.[1]

First, with respect to fill being placed in the buffer, evidence of whether this activity occurred and in what capacity was conflicting at trial. Appellant asserts that neighboring landowner Mr. Giroux placed fill in the wetland buffer, but did not provide any showing of when, or how much. Conversely, Applicant testified that she has no knowledge of such activity occurring. Even if the activity did occur, however, this issue is not before the Court in this de novo review of the application. The application does not seek to add fill within the buffer, nor is such activity required by completion of the application.

Additionally, the Town Zoning Administrator has issued no notices of violation for the Property and the Town has not instituted any enforcement action for zoning violations at the Property. While Appellant alleges that certain activities have previously occurred on the Property or adjacent property constitute zoning violations, the record does not establish that any of those activities were zoning infractions. To the extent any such activities would constitute a zoning violation, this Court is without jurisdiction in this appeal of a zoning permit to consider the merits of that allegation. See In re Maple Tree Place, 156 Vt. 494, 500) (noting that in zoning appeals this Court "limited to consideration of the matters properly warned as before the local board.") (citing In re Torres, 154 Vt. 233, 235 (1990)). A determination of a zoning violation is first made by the Town Zoning Administrator pursuant to 24 V.S.A. §§ 4451, 4452 and such enforcement action is subject to either an appeal of a notice of violation or an enforcement action brought by the Town in this Court. The Court has no such action before it and cannot consider whether there are zoning violations the Property in the first instance.

Even if, however, the Town Zoning Administrator had concluded that there were existing zoning violations at the Property, Appellant points to no provision of the Regulations that would require the denial of Applicant's permit here. As such, we answer Questions 2 and 3 in the negative.

## Conclusion

For the foregoing reasons, the application conforms with Regulations § 3.14. We conclude that there is no basis in the Regulations to deny the application. Further, the application does not need to be denied due to the alleged placing of fill within a wetland buffer zone by a neighbor, because that activity is not before the Court in this appeal. Further, we conclude that there is no basis in the

---

[1] To the extent that Appellant asserts through Question 2 that the Court can review aspects of the installation and/or operation of the new wastewater system in this appeal, for the reasons set forth above with respect to Question 1, the septic system, including its installation and use, is not before the Court in this action.

Regulations to deny the application based on Appellant's allegation that there are zoning violations at the Property. Thus, the DRB's decision is **AFFIRMED**.

This concludes the matter before the Court. A Judgment Order accompanies this decision. Electronically signed this 26th day of November 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division